The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Edward Rudolph MONTOYA,
Defendant-Appellant.

No. 81SA305.

Supreme Court of Colorado,
En Banc.

June 14, 1982.

Rehearing Denied July 19, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gerash & Robinson, P. C., Wallace D. Prugh, Denver, for defendant-appellant.

QUINN, Justice.

The defendant, Edward Rudolph Montoya, appeals from the denial of his Crim.P. 35(c) (1981 Supp.) application for post-conviction review of a sentence, and claims that the court erred in refusing to resen-

tence him under the presumptive sentencing provisions of the 1977 version of House Bill 1589, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867. We affirm the judgment.

In October 1974 the defendant was charged with various drug offenses and was found guilty by a jury of conspiracy to possess for sale a narcotic drug in violation of C.R.S.1963, 48–5–20(1) [1] and sentenced to a term of not less than 15 nor more than 18 years to the state penitentiary. On the date of the offense the charge for which the defendant was convicted carried a penalty of not less than ten nor more than twenty years. C.R.S.1963, 48–5–20(2)(c). The defendant appealed his conviction and the Court of Appeals affirmed. *People v. Montoya*, Colo.App., 616 P.2d 156 (1980). Within 120 days after the affirmance of the conviction the defendant sought a reduction of sentence pursuant to Crim.P. 35(c), claiming entitlement to the reduced penalty established by the 1977 version of House Bill 1589. The district court, after a hearing, denied the defendant's request for resentencing. This appeal followed.

## I.

The defendant initially argues that he is entitled to resentencing under the 1977 version of House Bill 1589. His argument proceeds as follows. Section 33 of the 1977 bill classified the crime of conspiracy to possess

for sale a narcotic drug as a Class 4 felony, Colo.Sess.Laws 1977, ch. 216, 12–22–322 at 873, and established a presumptive sentence of two years plus one year of parole, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867. Section 79 of the 1977 House Bill 1589 provided that "[t]his act shall take effect July 1, 1978" and contained no limitation to prospective offenses only. Colo.Sess.Laws 1977, ch. 216, section 79 at 888.[2] According to the defendant, the 1979 version of House Bill 1589 merely postponed the effective date of the 1977 law to July 1, 1979, without however ever repealing section 33 or any other part of the 1977 law, thereby permitting retroactive application of the 1977 law to the defendant's sentence of 15 to 18 years. We find the defendant's argument devoid of merit.

The 1979 General Assembly, in enacting into law House Bill 1589, amended the former 1977 version in several particulars and expressly restricted the new presumptive sentencing law to offenses committed on or after July 1, 1979, the effective date of the act. Colo.Sess.Laws 1979, ch. 157, sections 23 and 25, at 671, 672.[3] House Bill 1589, as finally enacted during the 1979 legislative session, deleted the statutory classification of narcotic violations in section 33 of the 1977 version of House Bill 1589. By separate Senate Bill 530, also enacted into law during the 1979 legislative session, the narcotic drug offenses proscribed by section

---

1. C.R.S.1963, 48–5–20(1), provides in pertinent part:

 "(1)(a) No person, with intent to induce or aid another to unlawfully use or possess narcotic drugs shall:
 (b) *Possess for sale a narcotic drug except in accordance with the provisions of this article;*
 \* \* \* \* \* \*
 (i) Conspire with another person or persons to violate paragraphs (b) to (h) of section (1) of this section."

 Prior to the 1981 enactment of the Colorado Controlled Substance Act, section 12–22–301 *et seq.*, C.R.S.1973 (1981 Supp.), the crime of conspiracy to possess for sale a narcotic drug was found at section 12–22–322(1)(h), C.R.S.1973 (1978 Repl. Vol. 5).

2. On May 24, 1978, at an extraordinary session, the General Assembly postponed the July 1, 1978, effective date of House Bill 1589 to April 1, 1979. Colo.Sess.Laws 1978, First Extraordi-

nary Session, ch. 1. Later, the effective date was again postponed to July 1, 1979, as a result of the enactment of the 1979 version of House Bill 1589. Colo.Sess.Laws 1979, ch. 157, sections 23 and 25 at 671, 672.

3. Section 23 of the 1979 House Bill 1589 states:

 "Section 79 of chapter 216, Session Laws of Colorado 1977, as amended by section 1 of chapter 1, Session Laws of Colorado 1978, First Extraordinary Session, is amended to read:
 "Section 79. Effective date. This act shall take effect ~~April 1, 1979~~ JULY 1, 1979."
 Section 25 of the 1979 House Bill 1589 provides as follows:
 "This act shall take effect July 1, 1979, shall apply to offenses committed on or after said date, and, notwithstanding any other provision of law or court rule, shall not apply to offenses committed prior to said date."

12–22–322(1), C.R.S.1973 (1978 Repl. Vol. 5), were reclassified as Class 3 felonies, with a prospective limitation to offenses committed on or after July 1, 1979. Colo.Sess. Laws 1979, ch. 99, 12–22–322(2)(c) at 470–71. *See People v. Macias*, 631 P.2d 584 (Colo.1981). Thus, the only penalty applicable to the defendant's conviction for conspiracy to possess for sale a narcotic drug was a term of imprisonment for not less than 10 nor more than 20 years.

■ In *Tacorante v. People*, 624 P.2d 1324 (Colo.1981), we held that a defendant sentenced in May 1979 for a crime committed on December 23, 1977, was not entitled to resentencing under the 1977 version of House Bill 1589 because the 1979 presumptive sentencing law was passed before the effective date of the 1977 law and, therefore, the 1977 law never came into being in its originally enacted form. We there stated:

"The Extraordinary Session of the General Assembly which postponed the effective date of the first determinate sentencing act and the legislature's passage of the second determinate sentencing bill before the April 1, 1979, effective date of the first act clearly evidence a legislative decision that certain provisions of the first determinate sentencing act should not become law. *See People v. McKenna* [199 Colo. 452, 611 P.2d 574 (1980)]. Were we to rule that section 23 of the second determinate sentencing bill, which postponed the effective date of the first act from April 1, 1979, to July 1, 1979, did not itself take effect until July 1, 1979, we would frustrate the intent of the legislature. Therefore, we hold that the second version of the determinate sentencing bill, H.B. 1589, has two effective dates: section 23, postponing the effective date of the first act, took effect when the Governor signed the bill into law on March 29, 1979; the remaining provisions of the second bill became effective on July 1, 1979, as provided by its section 25." 624 P.2d at 1330.

Following our reasoning in *Tacorante*, it is apparent that the express provisions of the 1979 version of House Bill 1589 as well as those of Senate Bill 530 compel us to reject the defendant's claim for resentencing entitlement under the circumstances present here. *See, e.g., People v. Macias, supra; People v. Jones*, 627 P.2d 254 (Colo.1981); *People v. Scott*, 626 P.2d 1130 (Colo.1981).

II.

The defendant asserts that the failure of the sentencing judge to consider the 1977 House Bill 1589 penalty scheme in passing upon his Crim.P. 35(c) motion vitiates the propriety of the sentencing procedure itself. We do not agree.

■ We held in *People v. McKenna*, 199 Colo. 452, 611 P.2d 574 (1980), that the legislative postponement of the effective date of 1979 House Bill 1589 comported with the separation of powers doctrine under Article III of the Colorado Constitution, and that the prospective-only provision of section 25 of House Bill 1589 did not infringe upon the rule-making power of this court under Article VI, Section 21 of the Colorado Constitution. The legislature having validly limited the presumptive sentencing law to prospective application only, the sentencing judge in this case was not required to consider the 1977 presumptive sentencing scheme, particularly since the 1977 law never went into effect.

III.

The defendant claims that the prospective-only limitation of the 1979 House Bill 1589 constitutes an unreasonable classification of offenders on the basis of the date of the offense in violation of equal protection of the laws.[4] *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25. We reject this claim also.

■ Equal protection of the laws requires that statutory classifications be

4. The right to equal protection of the laws is included within due process of law under the Colorado Constitution, *Colo.Const.* Art. II, Sec.

25. *E.g., Heninger v. Charnes*, Colo., 613 P.2d 884 (1980).

based on differences that are real in fact and are reasonably related to the general purposes of the enacted legislation. *E.g., People v. Marcy,* Colo., 628 P.2d 69 (Colo. 1981); *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied,* 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). In the absence of a suspect class or the infringement upon a fundamental right, neither of which is present here, a statutory classification will be upheld if it bears a reasonable relationship to a legitimate governmental purpose. *E.g., People v. Childs,* 199 Colo. 436, 610 P.2d 101 (1980). The state has a legitimate interest in maintaining finality of judgments as well as in providing for uniformity of punishment. Consequently, the fixing of punishments for offenders based upon the date on which their crimes were committed is reasonably related to these legitimate governmental interests and is not violative of equal protection of the laws.

### IV.

 Last, the defendant contends that the court's refusal to consider and make findings with respect to "many issues raised" during the Crim.P. 35(c) hearing violates due process of law. *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25. The only issue raised at the 35(c) hearing, however, related to the retrospective application of the 1977 version of House Bill 1589. As we previously noted, the district court properly rejected the defendant's claim for retroactive application of that bill. Under these circumstances, we are at a loss to see how the court's correct resolution of a legal issue implicates a legitimate due process right of the defendant.

The judgment is affirmed.