[No. 52098-4.   En Banc.   October 2, 1986.]

GEORGE R. FULLER, *Appellant,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Respondent.*

*Kennedy, Schuck, Harris & Miller, P.S.,* by *John P. Harris,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Donald F. Cofer, Assistant,* for respondent.

DOLLIVER, C.J.—The material facts in this case are not in dispute. Plaintiff is a former assistant chief of the Seattle Police Department. He was born on February 22, 1920. He joined the Seattle Police Department on February 26, 1951, and became a member of the Seattle Police Relief and Pension Fund pursuant to RCW 41.20. Fuller went on military leave from the police department between April 1, 1951 and March 8, 1954, to serve with the United States Navy in the Korean War. On his return to the police department, Fuller paid contributions into the Seattle Police Relief and Pension Fund equal to those he would have made if he had not been on military leave.

Fuller was mandatorily transferred into the Washington Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF) on March 1, 1970 (RCW 41.26). He retired on July 29, 1970. His retirement allowance was subsequently calculated by the Department of Retirement Systems without including his 3–year period of military service. Thus, Fuller has been paid to date on the basis of 16, rather than 19 years of service.

Plaintiff petitioned the Director of the Department for inclusion of his 3 years of military service in the computation of benefits. On March 23, 1982, the Assistant Director entered findings of fact, conclusions of law, and an order denying the petition. Plaintiff appealed. A hearing was held before a hearing examiner who entered proposed findings,

conclusions, an order denying Fuller's appeal, and filed a memorandum decision. The hearing examiner's proposed findings, conclusions, and order denying Fuller's appeal were adopted by the Director of the Department.

Plaintiff appealed to Thurston County Superior Court, which trial court affirmed the denial by the Department of credit for Fuller's military service.

On March 1, 1970, when plaintiff was transferred to LEOFF, he was not entitled to any military service benefits under the Seattle Police Relief and Pension Fund since, having served in the police force for less than 20 years, he was entitled to no retirement allowance of any kind under that system. RCW 41.20.050, .150. Thus, plaintiff's pension rights must be determined by the provisions of LEOFF, RCW 41.26, in effect at the time he retired.

RCW 41.26.030(14) defines "service" at the time plaintiff retired as

all periods of employment for an employer as a . . . law enforcement officer, for which compensation is paid, together with periods of suspension not exceeding thirty days in duration. For the purposes of this chapter service shall also include service in the armed forces of the United States as provided in RCW 41.26.190.

RCW 41.26.190 states:

Each person affected by this chapter who at the time of entering the armed services was a member of this system, and has honorably served in the armed services of the United States, shall have added to his period of service as computed under this chapter, his period of service in the armed forces: *Provided,* That such credited service shall not exceed five years.

Thus, it appears (1) at the time plaintiff transferred into LEOFF he had no military service which had been vested under his pension system and to which he was entitled; and (2) since he was not on March 1, 1970, a member of the armed services of the United States, he was not entitled to include his military service under LEOFF.

Two additional comments are appropriate: (1) It was because of plaintiff's transfer into LEOFF that he was able

to retire earlier than 20 years and receive benefits he otherwise would not have received. Thus, even though plaintiff is not entitled to have his military service credited, the doctrine in *Bakenhus v. Seattle,* 48 Wn.2d 695, 296 P.2d 536 (1956) is not violated. *See also Vallet v. Seattle,* 77 Wn.2d 12, 459 P.2d 407 (1969). (2) If plaintiff had chosen to remain in LEOFF until February 26, 1971 (*i.e.,* 20 years), he would have been entitled to include his military service as part of his LEOFF pension. *See Eagan v. Spellman,* 90 Wn.2d 248, 581 P.2d 1038 (1978). For his own reasons, plaintiff chose to retire earlier and receive a lesser pension.

■ Plaintiff points, however, to the 1971 amendment to RCW 41.26.030(14) which added the following language to the definition of "service":

> In addition to the foregoing, for members retiring after the effective date of this 1971 amendatory act [May 21, 1971] who were employed under the coverage of a prior pension act before March 1, 1970, "service" shall include (a) such military service not exceeding five years as was creditable to the member as of March 1, 1970, under his particular prior pension act, and (b) such other periods of service as were then creditable to a particular member under the provisions of RCW 41.18.165, 41.20.160 or 41.20.170.

Laws of 1971, 1st Ex. Sess., ch. 257, § 6, p. 1167. Plaintiff asks us to construe this 1971 amendment as being retroactive. He bases this argument on a claimed ambiguity of RCW 41.26.030(14), as originally adopted. We discern no such ambiguity. Further, this amendment specifically reserves its application to those "retiring *after* the effective date of this 1971 amendatory act". (Italics ours.) The stated legislative intent, by which we are bound, was for a prospective application only.

■ Finally, plaintiff raises an equal protection argument claiming the denial of certain military service credit to LEOFF members retiring before May 21, 1971, while granting the same service credit to LEOFF members retiring after that date, violates the guaranty of equal protec-

826

tion of the laws contained in Const. art. 1, § 12. We find this unpersuasive. Plaintiff cites no authority requiring the Legislature to make future pension benefits available to former retirees. The effect of plaintiff's argument would be to compel the Legislature, as a matter of constitutional requirement, to make all benefits in the pension laws retroactive to current retirees. This has not been and is not now the requirement of the constitution in this state.

The trial court is affirmed.

UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.