6 P.3d 1201 (2000)
STATE of Washington, Appellant,
v.
Edna Ruth HOWELL, Respondent.
State of Washington, Appellant,
v.
Ronald Eldon Nichols, Respondent.
Nos. 45689-0-I, 45773-0-I.
Court of Appeals of Washington, Division 1.
August 28, 2000.
Ann Marie Summers, King County Prosecutor/Appellate Unit, Seattle, for Appellant.
Eric Nielsen, Nielsen, Broman & Associates, Seattle, for Respondents.
APPELWICK, J.
Edna Howell and Ronald Nichols pled guilty to solicitation of delivery of cocaine. At sentencing, the defendants received an offender score of five. RCW 9.94A.360(6) plainly establishes that in calculating an offender score, when a defendant is convicted of an anticipatory crime, prior convictions should be treated as if the present offense were the completed offense. Here, the defendants' solicitation to deliver cocaine conviction should be treated as the completed crime of delivery of cocaine. Therefore, in totaling the offender score, the defendants' prior drug convictions each count three points. We reverse and remand for resentencing.

FACTS
State v. Howell
On July 16, 1998, Edna Howell pled guilty to criminal solicitation of delivery of cocaine. Her prior criminal history included the following crimes: (1) a 1976 forgery conviction; (2) a 1984 conviction for failure to return to work release; (3) a 1988 conviction for possession of a controlled substance; (4) a 1989 *1202 conviction for delivery of a controlled substance; and (5) a 1992 conviction for possession of a controlled substance. On July 31, 1998, Howell received an offender score of seven and was sentenced to a total standard range of 57.75 to 76.50 months.
On September 4, 1999, Howell filed a motion for an order modifying her sentence. She argued that her offender score was miscalculated on two grounds. First, Howell contended that her forgery conviction should be excluded from her offender score. The State conceded that argument and the trial court agreed. Second, Howell argued that pursuant to In re Personal Restraint of Hopkins, 137 Wash.2d 897, 976 P.2d 616 (1999), her 1989 delivery conviction should only count as one point, rather than the three points that was computed in the first judgment and sentence. The trial court adopted Howell's position and amended the judgment and sentence. Her offender score was adjusted to four, with a standard range of 34.5 to 40.5 months. The State appeals.
State v. Nichols
On November 18, 1998, Ronald Nichols pled guilty to criminal solicitation of delivery of cocaine. His prior criminal history included the following crimes: (1) a 1972 conviction for assault in the third degree; (2) a 1985 conviction for robbery in the first degree; (3) a 1989 conviction for delivery of cocaine; (4) a 1992 conviction for attempted kidnapping in the second degree; and (5) a 1993 conviction for theft in the third degree. On January 22, 1999, Nichols received an offender score of seven and was sentenced to a total standard range of 62.25 to 87 months.
On October 8, 1999, Nichols filed a motion for relief of judgment with the sentencing court, alleging that his offender score had been miscalculated. Nichols contended that pursuant to Hopkins, his 1989 delivery conviction should only count one point, rather than the three points that was computed in the initial judgment and sentence. The trial court granted Nichols' motion for relief of judgment and vacated the earlier judgment and sentence. On December 7, 1999, the trial court amended the offender score to five, and the total standard range to 34.5 to 45.75 months. The State appeals.

ANALYSIS
Standard of Review
The State may appeal a sentence that is outside the court's authority under the Sentencing Reform Act (SRA). State v. Hale, 94 Wash.App. 46, 53, 971 P.2d 88 (1999). A sentencing court acts without authority under the SRA if it imposes a sentence based on a miscalculated offender score. In re Johnson, 131 Wash.2d 558, 568, 933 P.2d 1019 (1997). The question of whether a sentencing court has miscalculated the defendant's offender score is a question of law that is reviewed de novo. Hale, 94 Wash.App. at 54, 971 P.2d 88.
In both cases, the State assigns error to the trial court's calculation of each defendant's offender score. The sole issue on appeal is, under RCW 9.94A.360, when the defendant is convicted of solicitation of delivery of cocaine whether a prior delivery of cocaine conviction counts as three points or one.
Offender Score
RCW 9.94A.360 contains the rules for calculating a defendant's offender score. Where the present conviction "is for a drug offense count three points for each adult prior felony drug offense conviction and two points for each juvenile drug offense." RCW 9.94A.360(12). Where the present conviction "is one of the anticipatory offenses of criminal attempt, solicitation, or conspiracy, count each prior conviction as if the present conviction were for a completed offense." RCW 9.94A.360(6). Where the prior offenses are prior convictions for felony anticipatory offenses (attempts, criminal solicitations, and criminal conspiracies), they are scored the same as if they were convictions for completed offenses. RCW 9.94A.360(4).
A "drug offense" is defined under RCW 9.94A.030(19) to mean:
(a) Any felony violation of chapter 69.50 RCW except possession of a controlled substance (RCW 69.50.401(d)) or forged *1203 prescription for a controlled substance (RCW 69.50.403);
Delivery of cocaine is a drug offense. RCW 69.50.401(a)(1). The "doubling" statute (RCW 69.50.408(a)), provides, "Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized...."
The defendants argue that under the plain language of RCW 69.50, solicitation of delivery of cocaine is not a drug offense. The defendants rely on the Hopkins holding that solicitation to deliver is not a drug offense under RCW 69.50. The defendants also claim that RCW 9.94A.360(6) and RCW 9.94A.360(12) conflict and create an ambiguity. Based on the rule of lenity, the defendants contend that the statutes should be read in their favor and the prior drug offense conviction should not be subject to the tripling provision. The courts below followed the Hopkins reasoning. The courts found that the tripling statute did not apply because solicitation to deliver cocaine was not a "drug offense" under RCW 69.50. Howell's and Nichols' offender scores were reduced by two points each.
In Hopkins, the defendant pled guilty to solicitation to deliver cocaine, a class C offense ordinarily punishable by a statutory maximum 5-year sentence. The trial court, however, sentenced the defendant to 81 months. The defendant filed a Personal Restraint Petition (PRP), arguing that his sentence exceeded the 5-year maximum. Hopkins, 137 Wash.2d at 899, 976 P.2d 616.
The Court of Appeals held that the sentence was within the maximum because the defendant had a prior drug conviction, thus subjecting him to double the 5-year maximum. In re Personal Restraint of Hopkins, 89 Wash.App. 198, 202-03, 948 P.2d 394 (1997). The Supreme Court reversed, holding that the "doubling" statute did not apply because solicitation was not expressly included as a specific drug offense under RCW 69.50, the Uniform Controlled Substances Act. Hopkins, 137 Wash.2d at 900-01, 976 P.2d 616.
At first glance, the reasoning in Hopkins is persuasive. The tripling statute applies only if the present conviction is for a "drug offense." RCW 9.94A.360(12). A "drug offense" is defined as "[a]ny felony violation of chapter 69.50 RCW" but for possession of or a forged prescription for a controlled substance. RCW 9.94A.030(19)(a). This definition is essentially the same as the one in the doubling provision analyzed in Hopkins. Thus, the defendants urge that the application of the same reasoning prevents the tripling of the prior drug offense.
The State argues that under the plain language of RCW 9.94A.360(6), a solicitation of delivery of cocaine conviction should be treated as the completed crime, delivery of cocaine. The State notes that Hopkins did not address RCW 9.94A.360(6). The Hopkins court only held that solicitation was not a drug offense under RCW 69.50. The State does not argue that solicitation is a drug offense under RCW 69.50, only that under RCW 9.94A.360(6), it should be scored as "if the present conviction were the completed offense." The State contends that it is irrelevant whether solicitation to deliver cocaine is a "drug offense." Therefore, the tripling provision in RCW 9.94A.360(12) should apply because the delivery of cocaine is a "drug offense." Finally, the State argues that the trial court's decision renders RCW 9.94A.360(6) meaningless. We agree.
The holding in State v. Becker, 59 Wash. App. 848, 801 P.2d 1015 (1990), is instructive. In Becker, the defendant pled guilty to manslaughter and a firearms offense. The issue was whether a prior conviction for attempted robbery triggered the doubling provision for prior violent felony convictions. The State claimed it did, citing former RCW 9.94A.360(5) (now (4)), which provided that prior anticipatory crimes are treated as completed offenses in determining an offender score. Becker, 59 Wash.App. at 849-50, 801 P.2d 1015. The defendant argued that because attempted robbery was not defined as a violent offense in the general definition statute, its offender score should amount to one. Becker, 59 Wash.App. at 849-50, 801 P.2d 1015.
Similar to this case, the issue in Becker raised an apparent conflict between the general *1204 definition statute and the provision for anticipatory crimes. The Court of Appeals found the conflict was based on the mistaken assumption that the attempted robbery could be scored as two only if it was a violent offense and held:
[T]he offense does not receive two points because it is a violent offense, but rather,... because the completed crime of robbery... would receive two points and the attempted robbery is to be treated as a completed crime. According to the plain language of RCW 9.94A.360(5) the attempt must be treated the same as the completed crime. Such a reading of the two sections gives effect to each section and does not distort the language of the sections.
Becker, 59 Wash.App. at 852, 801 P.2d 1015. The definition of "violent offense" analyzed in Becker applied to several sections of the SRA. In contrast, the court found that RCW 9.94A.360(5) applied specifically to the calculation of an offender score. Becker, 59 Wash. App. at 853, 801 P.2d 1015.
The logic in Becker applies here. RCW 9.94A.360(6) provides that where the present offense is for an anticipatory crime, each prior conviction should be treated as if the present conviction were for the completed offense. In this case, the defendants' conviction for the solicitation of delivery of cocaine should be treated as a delivery of cocaine offense which is a drug offense under RCW 69.50. Therefore, the defendants' prior felony drug convictions each count three points. RCW 9.94A.360(12).
We hold that RCW 9.94A.360 (6) and (12) plainly establish the defendants' prior drug offenses count as three points in each defendant's offender score. We need not address the defendants' remaining arguments. The plain language of the statute is not ambiguous. We need not apply the rule of lenity or inquire into the statute's legislative history. We reverse and remand for resentencing.
BAKER, J., and COLEMAN, J., concur.