[No. 47819-2-I. Division One. June 3, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. DENNIS VICTOR McCARTHY, *Respondent*.

Norm Maleng, Prosecuting Attorney, and *Ann Marie Summers* and *Deborah A. Dwyer, Deputies*, for appellant.

*David L. Donnan* and *Gregory C. Link* (of *Washington Appellate Project*), for respondent.

PER CURIAM — Following Dennis McCarthy's conviction for delivery of heroin, a dispute arose as to whether his prior conviction for solicitation to deliver heroin should count as one or three points in his offender score. The sentencing court scored the offense as one point, rejecting the State's argument that our decision in *State v. Howell*[1] controlled. The State appeals, arguing that the scoring conflicts with *Howell*. We reverse and remand for resentencing.

## FACTS

McCarthy pleaded guilty to delivery of heroin. At sentencing, the parties disagreed on how to score his prior conviction for solicitation to deliver heroin. Citing *State v. Howell* and the scoring provisions of former RCW 9.94A.360 (2000), the State argued that the prior conviction should count as three points. McCarthy countered that the conviction should be scored as one point under the Supreme Court's decision in *In re Personal Restraint of Hopkins*.[2] Based on its own interpretation of the scoring statutes, the superior court counted the conviction as one point and imposed a standard range sentence.

---

[1] *State v. Howell*, 102 Wn. App. 288, 6 P.3d 1201 (2000).

[2] *In re Pers. Restraint of Hopkins*, 137 Wn.2d 897, 976 P.2d 616 (1999).

## DECISION

■ The sole issue on appeal is whether the sentencing court erred in counting McCarthy's prior solicitation conviction as one point. We review the court's scoring decision de novo.[3]

■ The issue presented turns on the meaning of the scoring statutes we interpreted in *Howell*. Former RCW 9.94A.360(12) directs that when, as here, the defendant's "present conviction is for a drug offense count three points for each adult *prior felony drug offense* conviction and two points for each juvenile drug offense." (Emphasis added.) When the present conviction "is one of the anticipatory offenses of criminal attempt, solicitation, or conspiracy, count each prior conviction as if the present conviction were for a completed offense." Former RCW 9.94A.360(6); *see also* former RCW 9.94A.410 (2000).[4] Similarly, if the prior convictions are for felony anticipatory offenses, they are scored "the same *as if they were convictions for completed offenses*." RCW 9.94A.360(4) (emphasis added); *see also* former RCW 9.94A.410. McCarthy contends his prior conviction for solicitation to deliver is not a "drug offense," and therefore the tripling statute, RCW 9.94A.360(12), does not apply. We addressed and rejected a similar argument in *Howell*.

In *Howell*, the defendants pleaded guilty to solicitation to deliver cocaine.[5] At sentencing, they argued that their prior drug convictions should be scored as one point, not three, because their current offenses were not drug offenses. Noting that a "drug offense" is defined as a "felony violation of [chapter] 69.50 [RCW],"[6] they pointed to the holding in *Hopkins* that, for purposes of the doubling requirement in

---

[3] "The question of whether a sentencing court has miscalculated the defendant's offender score is a question of law that is reviewed de novo." *Howell*, 102 Wn. App. at 292.

[4] Former RCW 9.94A.410 was effective until July 1, 2001.

[5] 102 Wn. App. 288.

[6] Former RCW 9.94A.030(19) (2000).

RCW 69.50.408(a), a conviction for solicitation to deliver was not a "drug offense" under chapter 69.50 RCW.[7] If a solicitation conviction was not a "drug offense" under chapter 69.50 RCW, they reasoned, then it was not a "drug offense" under RCW 9.94A.360(12) for the purpose of triple scoring a prior drug offense. They further argued that RCW 9.94A.360(12) conflicts with RCW 9.94A.360(6) and that the resulting ambiguity required application of the rule of lenity.

In rejecting those arguments, we first distinguished *Hopkins*, noting that it addressed only whether solicitation to deliver is a drug offense under chapter 69.50 RCW.[8] We then stated:

> RCW 9.94A.360(6) provides that where the present offense is for an anticipatory crime, each prior conviction should be treated as if the present conviction were for the completed offense. In this case, the defendants' conviction for the solicitation of delivery of cocaine should be treated as a delivery of cocaine offense which is a drug offense under chapter 69.50 RCW. Therefore, the defendants' prior felony drug convictions each count three points. RCW 9.94A.360(12).
>
> We hold that RCW 9.94A.360(6) and (12) plainly establish the defendant's prior drug offenses count as three points . . . . The plain language of the statute is not ambiguous. We need not apply the rule of lenity or inquire into the statute's legislative history.[9]

Although the issue in this case is whether a *prior*, rather than a current, solicitation conviction is "drug offense" under RCW 9.94A.360(12), *Howell*'s reasoning applies equally here. RCW 9.94A.360(4) plainly directs that courts score prior anticipatory offenses "as if they were convictions for completed offenses." Thus, McCarthy's prior conviction for solicitation to deliver must be scored as a completed

---

[7] *Hopkins*, 137 Wn.2d at 901.

[8] *Howell*, 102 Wn. App. at 294.

[9] *Howell*, 102 Wn. App. at 295 (emphasis omitted).

delivery. Since the latter is a "drug offense,"[10] it is subject to the tripling requirement in RCW 9.94A.360(12).

McCarthy challenges *Howell's* conclusion that the scoring statutes are unambiguous, arguing that they are subject to more than one reasonable interpretation. But he offers no alternative explanation that would give effect to RCW 9.94A.360(6) and former RCW 9.94A.410. We adhere to our holding in *Howell*.

We also reject McCarthy's contention that *Howell* conflicts with *Hopkins*. As we pointed out in *Howell*, *Hopkins* involved RCW 69.50.408(a), a part of the Uniform Controlled Substances Act. *Howell* addressed a completely different issue under the Sentencing Reform Act of 1981 scoring rules in RCW 9.94A.360.

McCarthy argues that *Howell* also conflicts with this court's decision in *State v. Becker*.[11] He points out that in resolving an analogous statutory conflict, the *Becker* court considered the comments of the Sentencing Guidelines Commission and applied a rule of statutory construction. Because *Howell* did not consider the Commission's comments or apply the rule of construction, McCarthy contends it conflicts with *Becker*. But *Becker* mentioned those aids in an alternative analysis that assumed the statutes could not be harmonized.[12] As discussed above, the statutes at issue in *Howell* can be harmonized. *Becker* and *Howell* do not conflict.

██ ██ Finally, McCarthy contends in a supplemental filing that a 2002 amendment[13] to the tripling provision in

---

[10] Former RCW 9.94A.030(19).

[11] *State v. Becker*, 59 Wn. App. 848, 801 P.2d 1015 (1990).

[12] *Becker*, 59 Wn. App. at 852-54. The rule of construction mentioned in *Becker* applies only when an apparent conflict between statutes cannot be harmonized. *Becker*, 59 Wn. App. at 852. *See also In re Estate of Kerr*, 134 Wn.2d 328, 335, 343, 949 P.2d 810 (1998).

[13] Second Substitute H.B. 2338, 57th Leg., Reg. Sess. (Wash. 2002).

RCW 9.94A.525(12) is remedial and applies retroactively.[14] But absent language indicating a contrary intent, an amendment to a penal statute—even a patently remedial one—must apply prospectively under RCW 10.01.040.[15] The amendment at issue expressly states that it "app[ies] to crimes committed on or after July 1, 2002."[16] Nothing in the amendment suggests that the Legislature intended the statute to apply retroactively. Accordingly, the amendment applies prospectively only.

 Contrary to McCarthy's assertions, this result does not violate equal protection. Although equal protection problems may arise when a law is applied retroactively to some persons but not to others,[17] equal protection is generally not implicated by the prospective application of a new law.[18] In addressing equal protection challenges to new

---

[14] We grant McCarthy's request for permission to file the supplemental brief but deny his motion for oral argument.

[15] *State v. Kane*, 101 Wn. App. 607, 610-15, 5 P.3d 741 (2000). RCW 10.01.040 provides in pertinent part, "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act . . . ."

[16] SECOND SUBSTITUTE H.B. 2338 § 29.

[17] *See Myers v. Ylst*, 897 F.2d 417, 421 (9th Cir. 1990); *Powell v. Ducharme*, 998 F.2d 710, 716 (9th Cir. 1993).

[18] *In re Pers. Restraint of Stanphill*, 134 Wn.2d 165, 175, 949 P.2d 365 (1998) (equal protection is not violated "merely because the Legislature changed the standard sentencing range for a crime" or "changed its view of criminal punishment which resulted in offenders being subject to different punishment schemes"); *Fuller v. Dep't of Ret. Sys.*, 106 Wn.2d 822, 825, 725 P.2d 972 (1986) (state equal protection clause is not violated by prospective application of amendment adding retirement benefits for public employees); *Reedy v. Reedy*, 12 Wn. App. 844, 532 P.2d 626 (1975) (prospective application of statute lowering age of majority did not violate state or federal equal protection clauses); *see also* 16B C.J.S. *Constitutional Law* § 777 (1985) ("[A] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection."); *Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505, 31 S. Ct. 490, 491, 55 L. Ed. 561, 563 (1911) ("[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time."); *In re Moreno*, 58 Cal. App. 3d 740, 743, 130 Cal. Rptr. 78, 80 (1976) (prospective application of amendment reducing penalty for an offense does not violate equal protection); *State v. Standifer*, 24 Kan. App. 2d 441, 444, 946 P.2d 637 (1997) (citing cases).

criminal sentencing laws, courts have typically applied a rational basis standard and have had little trouble finding rational bases for applying such laws prospectively only.[19] Here, the interests of finality and the principles underlying our saving statute, RCW 10.01.040, provide a rational basis for the prospective application of the challenged amendment.[20]

■ McCarthy's claim that *Grant County Fire Protection District No. 5 v. City of Moses Lake*, 145 Wn.2d 702, 42 P.3d 394 (2002), requires heightened scrutiny in this case is meritless. In that case, the majority held that our state constitution provides greater protection than the federal equal protection clause "when the threat is not of majoritarian tyranny but of a special benefit to a minority and when the issue concerns favoritism rather than discrimination." 145 Wn.2d at 731. The amendment at issue here does not confer a "special benefit" to a minority or amount to favoritism. It is simply a change in the law that applies equally to those who commit crimes after its effective date. Furthermore, the level of scrutiny applied in *Grant County* is not applicable here because no fundamental right is at stake.[21]

---

[19] *See generally McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991) (" 'There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system. The standard is of a rational relation to governmental purpose. Improvement in sentencing is a rational governmental purpose.' ") (Citations omitted.) (quoting *Foster v. Wash. State Bd. of Prison Terms & Paroles*, 878 F.2d 1233, 1235 (1989)); *Moreno*, 130 Cal. Rptr. at 81 (prospective operation of sentencing statutes serves legitimate purpose of maintaining deterrent effect of laws by carrying out the original prescribed punishment); *People v. Montoya*, 647 P.2d 1203, 1206 (Colo. 1982) (fixing of punishments based on the date of offense is reasonably related to state's interest in finality of judgments and uniformity of punishment and does not violate equal protection).

[20] One of the saving statute's underlying principles is " 'that individuals should be punished in accordance with the sanctions in effect at the time the offense was committed.' " *Kane*, 101 Wn. App. at 617 (quoting *Holiday v. United States*, 683 A.2d 61, 79 (D.C. 1996)).

[21] *See Grant County*, 145 Wn.2d at 732 (right to petition is fundamental under state constitution); *State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996) (when statute involves a physical liberty interest and does not involve a suspect class, no fundamental right is threatened); *State v. Coria*, 120 Wn.2d 156, 170-71,

In conclusion, McCarthy's prior solicitation conviction should have been scored as three points instead of one. Accordingly, we reverse and remand for resentencing.

839 P.2d 890 (1992) (no heightened scrutiny where physical liberty alone is implicated).