2018 NOV 19 AM 8: 42



IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77278-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ZAPP MALELEGA TIVAO, | ) | |
| | ) | |
| Appellant. | ) | FILED: NOV 19 2018 |
| | ) | |

PER CURIAM — Zapp Tivao appeals his conviction and sentence for residential burglary, arguing that the trial court miscalculated his offender score. The calculation of an individual's offender score is grounded in statute and based on the individual's prior convictions. Tivao has failed to show that his offender score was miscalculated. We affirm.

## FACTS

Zapp Tivao was charged with residential burglary. At the time, he had one felony conviction for possession of a controlled substance from Texas. Tivao also had pending charges for second degree burglary, a felony, and second degree vehicle prowl, a gross misdemeanor, which occurred on the same day as the residential burglary. Tivao pleaded guilty to all three offenses at the same hearing on January 11, 2017. Tivao's offender score was calculated at a 3, which is

reflected in the judgment and sentence. The offender score included the Texas felony, which was calculated as a 1, and the second degree burglary conviction, which was calculated as a 2, to equal a total offender score of 3.[1]

Tivao contends that his offender score should have included only the Texas conviction because that is the sole conviction listed in Appendix B, the list of Tivao's prior crimes. In his guilty plea, Tivao agreed that his offender score would be a 3. The second degree burglary conviction was not listed in Appendix B to the judgment and sentence. Paragraph 2.2 of the judgment and sentence indicated that another current conviction with a separate cause number, 16-1-01707-6, was "used in calculating the offender score." Tivao asserts that the failure to specifically identify the second degree burglary conviction in the judgment and sentence or to list it in Appendix B should result in an offender score of 1. Thus, Tivao requests a reversal of his sentence.

ANALYSIS

We review the calculation of an offender score de novo. State v. Howell, 102 Wn. App. 288, 292, 6 P.3d 1201 (2000). To calculate an offender score, the court takes three basic steps. First, the court identifies the defendant's prior convictions. State v. Moeurn, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010). Next, the court determines which convictions have been "washed out" and eliminates them from the calculation. Id. Finally, the court counts all the remaining prior convictions to generate an offender score. Id. RCW 9.94A.525 provides a formula for assigning a numerical value to each prior conviction. Furthermore, when the

---

[1] Because second degree vehicle prowl is a gross misdemeanor, it is not used to calculate an individual's offender score. RCW 9.94A.525.

defendant is being sentenced for multiple crimes, "the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a). A current offense is defined as "convictions entered or sentenced on the same day." In re the Pers. Restraint of Finstad, 177 Wn.2d 501, 507, 301 P.3d 450 (2013) (citing RCW 9.94A.525(1)).

Tivao pleaded guilty to residential burglary and second degree burglary, as well as to the vehicle prowling charge, during the same hearing. Tivao's pre-sentence report included all three charges. He was sentenced on all three charges on the same day. Under the statute, the second degree burglary conviction is considered a prior conviction for purposes of calculating Tivao's offender score for the residential burglary charge. RCW 9.94A.589(1)(a). The State provided Tivao and the sentencing court with a scoring worksheet illustrating how it calculated Tivao's score. The State listed one point for Tivao's Texas conviction and two points for the second degree burglary conviction.[2]

This court agrees that the judgment and sentence technically should have listed by name the identity of any current convictions included in the offender score, rather than just the separate case's cause number. But this error, if one could categorize it as such, is no more than a clerical error. This is not an issue for appeal; rather, it should be brought to the trial court's attention for correction. State v. Priest, 100 Wn. App. 451, 456, 997 P.2d 452 (2000). Nevertheless, the oral and

---

[2] Under RCW 9.94A.525, if the prior or other current offense is for Burglary 2 or residential burglary, the court must "count two points for each adult and juvenile prior Burglary 1 conviction, two points for each adult prior Burglary 2 or residential burglary conviction, and one point for each juvenile prior Burglary 2 or residential burglary conviction." RCW 9.94A.525(16).

written records demonstrate that Tivao's offender score was correctly calculated at 3 to reflect his prior Texas conviction and the second degree burglary conviction.

Affirmed.

WE CONCUR: