# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50972-5-II |
| Respondent, | |
| v. | |
| TIMOTHY PATRICK WALSH, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Timothy Patrick Walsh appeals his sentence for felony driving while under the influence (DUI) following a guilty plea.  Walsh argues that the sentencing court erred by determining his standard sentence range using the seriousness level in effect at the time he committed the crime instead of the one in effect at the time he was sentenced.  He argues that the legislature's 2017 amendment to the seriousness-level table should be retroactively applied to crimes committed before the amendment was in effect.  We disagree, and affirm Walsh's sentence.

## FACTS

On April 20, 2017, the legislature approved Senate Bill 5037, which, in part, reenacted and amended former RCW 9.94A.515 (2016).  RCW 9.94A.515 provides the seriousness level of various crimes.  LAWS OF 2017, ch. 335, § 4.  In relevant part, Senate Bill 5037 downgraded the seriousness level of the crime of felony DUI[1] from a seriousness level V to a seriousness level

---

[1] RCW 46.61.502(6).

No. 50972-5-II

IV.  LAWS OF 2017, ch. 335, § 4.  RCW 9.94A.515 is titled "Table 2—Crimes included within

each seriousness level."  (Capitalization omitted.)  This statute is merely a list that categorizes

crimes by seriousness level.  Former RCW 9.94A.515 listed felony DUI as a seriousness level V.

Senate Bill 5037, as relevant here, reads as follows:

> **Sec. 4.**  RCW 9.94A.515 and 2016 c 213 s 5, 2016 c 164 s 13, and 2016 c
> 6 s 1 are each reenacted and amended to read as follows:

TABLE 2
CRIMES INCLUDED WITHIN EACH
SERIOUSNESS LEVEL

| | |
|---|---|
| XVI | Aggravated Murder 1 (RCW 10.95.020) |
| XV | Homicide by abuse (RCW 9A.32.055) |
| | . . . . |
| V | . . . . |
| | ((~~Driving While Under the Influence~~ ~~(RCW 46.61.502(6))~~)) |
| | . . . . |
| IV | . . . . |
| | <u>Driving While Under the Influence (RCW 46.61.502(6))</u> |
| | . . . . |

LAWS OF 2017, ch. 335, § 4 (at 1468-80).  Felony DUI was classified as a class B felony under

former RCW 46.61.502(6) (2016), and remained a class B felony under the legislature's

amendments.  LAWS OF 2017, ch. 335, § 1.

On May 7, Walsh was arrested for driving under the influence.  On May 16, the governor

signed Senate Bill 5037.  LAWS OF 2017, ch. 335 § 5.  On May 18, the State charged Walsh with

felony DUI under RCW 46.61.502(6)(b)(ii).[2]  On July 23, Senate Bill 5037 became effective. LAWS OF 2017, at 5.  On August 9, Walsh pleaded guilty.  And on October 5, Walsh was sentenced.

Based on Walsh's offender score of 7,[3] and the crime's seriousness level V, which was in effect at the time of the offense, Walsh's standard range was 51 to 68 months.[4]  The superior court sentenced Walsh to 68 months.  Walsh appeals.

ANALYSIS

Walsh argues that because the 2017 amendment to former RCW 9.94A.515 should be applied retroactively, the trial court erred by sentencing him based on the seriousness level of felony DUI in effect on the date of the offense, instead of the level in effect on the date of sentencing.[5]  Specifically, he argues that (1) both the saving statute and RCW 9.94A.345 are inapplicable, (2) the Washington Supreme Court has "consistently recognized" that legislation that reduces culpability of criminal offenses must be applied retroactively to pending prosecutions, and (3) the amendment is remedial, and therefore it applies retroactively.  Br. of App. at 5.  We disagree.

---

[2] RCW 46.61.502(6)(b)(ii) provides that driving under the influence is a class B felony if the person has been previously convicted of vehicular assault while under the influence of intoxicating liquor or any drug.

[3] Walsh does not challenge his offender score calculation.

[4] Using the amended seriousness level of IV, his standard range would have been 43-57 months.

[5] Walsh did not object to the seriousness level at sentencing.  Erroneous sentences, however, may be challenged for the first time on appeal. *State v. Ross*, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004).

No. 50972-5-II

A.      *Legal Principles*

Whether the legislature's 2017 amendment of former RCW 9.94A.515 applies retroactively to crimes committed before its effective date is a question of law. *State v. Schenck*, 169 Wn. App. 633, 642, 281 P.3d 321 (2012). We review questions of law de novo. *Schenck*, 169 Wn. App. at 642.

The superior court's authority to impose a sentence is derived from the Sentencing Reform Act (SRA) of 1981 and its amendments, codified at chapter 9.94A RCW. The standard sentencing range is set forth in a sentencing grid. RCW 9.94A.505, .510. The standard range is based on the offender score, which is calculated from the offender's prior and current criminal history, and the seriousness level of the offense, which is set by the legislature. *See* RCW 9.94A.510, .515. The standard sentencing range increases as the seriousness level and offender score increase. *See* RCW 9.94A.510. The 2017 amendment to former RCW 9.94A.515 decreased the seriousness level of felony DUI from V to IV. LAWS OF 2017, ch. 335, § 4.

The legislature has expressed its intent for individuals to be prosecuted and sentenced based on the law in effect at the time the offense was committed. *State v. McCarthy*, 112 Wn. App. 231, 238 n.20, 48 P.3d 1014 (2002), *review denied*, 148 Wn.2d 1011 (2003); *State v. Kane*, 101 Wn. App. 607, 618, 5 P.3d 741 (2000). RCW 10.01.040, commonly referred to as the saving statute states:

> No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, *unless a contrary intention is expressly declared in the repealing act . . . .* Whenever any criminal or penal statute shall be amended or repealed, *all offenses committed* or penalties or forfeitures incurred *while it was in force shall be punished or enforced as if it were in force*, notwithstanding such amendment or repeal, *unless a contrary intention is expressly*

4

*declared in the amendatory* or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

(Emphasis added.) And RCW 9.94A.345 states, "Any sentence imposed under [the SRA] shall be determined in accordance with the law in effect when the current offense was committed."

The saving statute and RCW 9.94A.345 demonstrate the legislature's general intent for prospective application of amendments to the SRA. *State v. Ross*, 152 Wn.2d 220, 239 n.10, 95 P.3d 1225 (2004); *Kane*, 101 Wn. App. at 618. And the Supreme Court has "repeatedly held that sentencing courts must 'look to the statute in effect at the time [the defendant] committed the [current] crimes' when determining defendants' sentences." *State v. Varga*, 151 Wn.2d 179, 191, 86 P.3d 139 (2004) (alteration in original) (quoting *State v. Delgado*, 148 Wn.2d 723, 726, 63 P.3d 792 (2003)).

Accordingly, we presume that a statutory amendment to a penal statute applies prospectively, absent statutory language that demonstrates contrary legislative intent. *Ross*, 152 Wn.2d at 236-38; *Kane*, 101 Wn. App. at 611, 613. If a statutory amendment to a penal statute is silent as to intent for retroactive application, it will be given prospective application only. *Kane*, 101 Wn. App. at 611, 613. The pertinent question is whether the "new statute's express language" fairly conveys a legislative intent to depart from the saving statute's presumption. *Kane*, 101 Wn. App. at 614.

The 2017 amendment to former RCW 9.94A.515 contains no language demonstrating a legislative intent to apply the new seriousness-level table to crimes committed before the effective date. Thus, unless Walsh demonstrates some exception, the application of RCW

5

10.01.040 and RCW 9.94A.345 compel the conclusion that the 2017 amendment to former RCW 9.94A.515 does not apply to crimes committed prior to its effective date. *Kane*, 101 Wn. App. at 618; *see Ross*, 152 Wn.2d at 238-40; *McCarthy*, 112 Wn. App. at 237.

B.      *The Amendment to Former RCW 9.94A.515 Does Not Apply Retroactively*

Walsh argues that RCW 9.94A.515 applies prospectively, and that neither the saving statute, nor RCW 9.94A.345 apply. We disagree.

1. *Saving Statute*

Walsh argues that the saving statute does not apply when the legislature downgrades the punishment for an offense or when the legislature enacts patently remedial legislation. Specifically, Walsh contends that our Supreme Court has recognized many "exceptions and contours" to this statute. Br. of App. at 14. Walsh's argument fails.

The saving statute presumptively saves offenses already committed from being affected by the amendment of criminal or penal statutes, unless a contrary intention is expressed in the amendatory act. *Kane*, 101 Wn. App. at 610, 613. "Through the years, our appellate courts have consistently applied the saving statute to preserve prosecutions carried on under a repealed statute where the new statute does not indicate a contrary intent." *Kane*, 101 Wn. App. at 612. Because the saving statute is in derogation of the common law, it is strictly construed and its exception is interpreted broadly. *Kane*, 101 Wn. App. at 612. But because it is so easy for the legislature to provide in express terms that legislation applies to pending litigation, Washington courts have found the exception to apply only three times.

6

In *State v. Zornes*, the court reversed and dismissed the defendants' convictions for possession of marijuana under RCW 69.33.410, the Uniform Narcotic Drug Act. 78 Wn.2d 9, 10, 26, 475 P.2d 109 (1970). While the appeals were pending, an amendment to the Act became effective stating that "*the provisions of this chapter shall not ever be applicable to any form of cannabis.*" *Zornes*, 78 Wn.2d at 11. The court held that the amendment allowed a reasonable inference that the legislature intended the amendment to apply to pending cases as well as those arising in the future based on the words "not ever" preceding the words "be applicable." *Zornes*, 78 Wn.2d at 13-14.

In *State v. Grant*, the defendants were convicted of being intoxicated on a public highway. 89 Wn.2d 678, 681, 575 P.2d 210 (1978). After the date of the offense, but prior to being convicted, a new act became effective that provided that "intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages." *Grant*, 89 Wn.2d at 682, 684. The court held that the act's language was a fair expression of legislative intent, sufficient to overcome the presumption of the saving statute, and reversed the defendants' convictions. *Grant*, 89 Wn.2d at 684.

*State v. Gradt*, 192 Wn. App. 230, 366 P.3d 462 (2016) and *State v. Rose*, 191 Wn. App. 858, 365 P.3d 756 (2015) both addressed I-502 and the decriminalization of marijuana possession. In those cases, the initiative used language that went beyond identifying the problem that prompted it to change the law. The initiative included language that certain laws "'shall not ever be applicable'"; that persons "'may not be subjected to criminal prosecution'"; or that "'people intend to stop treating adult marijuana use as a crime'" and "'[a]llow[ ] law enforcement resources to be focused on violent and property crimes.'" *Gradt*, 192 Wn. App. at

7

236 (quoting I-502); *Rose*, 191 Wn. App. at 865, 866, 868 (quoting *Zornes*, 78 Wn.2d at 13; quoting *Grant*, 89 Wn.2d at 682; quoting LAWS OF 2013, ch. 3, § 1(1)). The courts held that the initiative fairly conveyed an intent for the amendments to affect pending prosecutions. *Gradt*, 192 Wn. App. at 236-37; *Rose*, 191 Wn. App. at 871.

The *Ross* court held that based on the saving statute, amendments to penal statutes apply prospectively, unless the legislature expresses an intent for the amendments to apply to pending prosecutions for crimes committed before the amendments' effective date. *Ross*, 152 Wn.2d at 238-39. Like *Ross*, we hold that the 2017 amendments to former RCW 9.94A.515 apply prospectively. Walsh's argument to the contrary fails.

2. *RCW 9.94A.345*

Walsh argues that RCW 9.94A.345 applies only to offender score calculation and eligibility for sentencing alternatives. We disagree.

RCW 9.94A.345 provides: "Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." In enacting RCW 9.94A.345, the legislature stated that:

> [RCW 9.94A.345] is intended to cure any ambiguity that might have led to the Washington supreme court's decision in *State v. Cruz*, Cause No. 67147-8 (October 7, 1999). A decision as to whether a prior conviction shall be included in an individual's offender score should be determined by the law in effect on the day the current offense was committed. [RCW 9.94A.345] is also intended to clarify the applicability of statutes creating new sentencing alternatives or modifying the availability of existing alternatives.

LAWS OF 2000, ch. 26, § 1.

Washington courts have interpreted RCW 9.94A.345 to evidence the legislature's intent for amendments to sentencing statutes to apply prospectively. *Ross*, 152 Wn.2d at 239 n.10; *Kane*, 101 Wn. App. at 618. Moreover, Washington courts have routinely cited RCW 9.94A.345 in reference to sentencing issues other than offender score calculation and the availability of sentencing alternatives. *See Matter of Gronquist*, 192 Wn.2d 309, 314 n.2, 429 P.3d 804 (2018); *see Rivard v. State*, 168 Wn.2d 775, 781 n.3, 231 P.3d 186 (2010); *see also State v. Coombes*, 191 Wn. App. 241, 250, 361 P.3d 270 (2015); *see also State v. Munoz-Rivera*, 190 Wn. App. 870, 891 n.3, 361 P.3d 182 (2015).

The 2017 amendment to former RCW 9.94A.515 contains no language demonstrating a legislative intent to apply the new seriousness level table to crimes committed before the amendment's effective date. Consequently, under RCW 10.01.040 and RCW 9.94A.345, the amendment applies prospectively, and the sentencing court did not err by determining Walsh's standard range based on the law in effect when the crime was committed.

C.      *Supreme Court Precedent*

Walsh argues that *State v. Wiley*, 124 Wn.2d 679, 880 P.2d 983 (1994); *State v. Heath*, 85 Wn.2d 196, 532 P.2d 621 (1975); and *Ross*, 152 Wn.2d 220 support his argument that the amendments to former RCW 9.94A.515 apply retroactively. We disagree.

Walsh focuses on the Supreme Court's statements in *Wiley* that legislative downgrading of a crime based on the determination that the conduct is less culpable will ordinarily be given retroactive effect. *Wiley*, 124 Wn.2d at 687-88. But this language is not persuasive.

In *Wiley*, the court addressed the defendant's offender score and the status of his prior convictions in light of amendments that changed the elements of the crime, such that at the time

of sentencing, his prior convictions were no longer considered a felony. 124 Wn.2d at 687-88. The court held that the defendant's prior convictions were not affected by the amendments. *Wiley*, 124 Wn.2d at 686. The court distinguished between a change in the elements of a crime, "which does not change the status of a prior conviction, and the Legislature's reclassification of an entire crime, which does change a conviction's status." *Wiley*, 124 Wn.2d at 686.

*Wiley*'s discussion of the reclassification of the crime and decreased culpability is not applicable here. *Wiley* did not consider the saving statute, RCW 10.01.040, and, *Wiley* was decided before the legislature's enactment of RCW 9.94A.345. 124 Wn.2d at 687. The legislature subsequently clarified its intent regarding retroactivity by enacting RCW 9.94A.345: "Any sentence imposed under [the SRA] shall be determined in accordance with the law in effect when the current offense was committed." LAWS OF 2000, ch. 26 sec. 2. Thus *Wiley* does not support Walsh's argument.

Walsh also relies on the *Heath* court's statement that when legislature reduces a penalty for a crime, the new penalty is generally applied in all pending cases, because the "legislature is presumed to have determined that the new penalty is adequate and that no purpose would be served by imposing the older, harsher one." *Heath*, 85 Wn.2d at 198. But *Heath* is not controlling because the saving statute was not at issue in *Heath*. *Ross*, 152 Wn.2d at 239; *Kane*, 101 Wn. App. at 615-16 (citing *Heath*, 85 Wn.2d at 198). Further, *Heath*'s statements were rendered inapplicable by the legislature's subsequent adoption of RCW 9.94A.345. *See Kane*, 101 Wn. App. at 618, 615.

Walsh also appears to argue that *Ross* held that legislative declarations reducing the penalty for a crime should affect pending prosecutions. But, *Ross* does not so hold.

In *Ross*, the trial court calculated the defendant's offender score based on the law in effect at the time he committed the offense. 152 Wn.2d at 227. The defendant argued that under *Wiley* and *Heath*, certain amendments to the SRA, which eliminated provisions that tripled the number of offender score points for the defendant's prior drug convictions, applied retroactively. *Ross*, 152 Wn.2d at 235.

The *Ross* court rejected the defendant's argument, holding that RCW 10.01.040 required courts to sentence a defendant based on the law in effect on the date that the defendant committed the crime, absent language that demonstrates legislative intent to the contrary. *Ross*, 152 Wn.2d at 237-38. Further, *Ross* rejected the defendant's reliance on *Wiley* because the amendments at issue in *Ross* did not downgrade the offense from a felony to a misdemeanor, and, thus, did not indicate that the offenses were less culpable. 152 Wn.2d at 240.

*Wiley*, *Heath*, and *Ross* do not support Walsh's argument that the amendments to former RCW 9.94A.515 apply retroactively. *Wiley* and *Heath* did not address the saving statute. And, both were decided prior to the legislature's enactment of RCW 9.94A.345, which is a plain expression of the legislature's intent for crimes to be punished based on the law in effect when the crime was committed. In the absence of any language expressing legislative intent for the 2017 amendment to former RCW 9.94A.515 be applied to crimes committed prior to its effective date, we hold that the trial court did not err.

D.     *Remedial Amendment*

Walsh argues that the 2017 amendment to former RCW 9.94A.515 was "patently remedial," and therefore should apply to crimes committed prior to the effective date. Br. of App. at 10. We disagree.

Generally, a clearly remedial statutory amendment will be retroactively applied, regardless of whether it contains language demonstrating legislative intent for retroactive application. *Kane*, 101 Wn. App. at 613. But amendments to penal statutes are subject to the saving statute. *Kane*, 101 Wn. App. at 613. The saving statute is deemed a part of every statute that amends or repeals an existing penal statute "as if expressly inserted therein." *Ross*, 152 Wn.2d at 237. An amendment to a penal statute must apply prospectively, *even if the amendment is patently remedial*, unless it contains words that fairly convey a contrary intent. *McCarthy*, 112 Wn. App. at 237; *Kane*, 101 Wn. App. at 613, 615.

Walsh contends that *Grant* is instructive in construing the amendment's remedial purpose. 89 Wn.2d at 684. But, *Grant* was decided before the legislature enacted RCW 9.94A.345. Moreover, under the holdings announced in *McCarthy* and *Kane*, we need not determine whether the 2017 amendment is remedial. *McCarthy*, 112 Wn. App. at 236-37; *Kane*, 101 Wn. App. at 613.

Absent express language conveying the legislature's intent for retroactive application, the 2017 amendment to former RCW 9.94A.515 applies prospectively. *McCarthy*, 112 Wn. App. at 237; *Kane*, 101 Wn. App. at 613, 615; *see Ross*, 152 Wn.2d at 236-37. And as discussed above, the 2017 amendment does not contain any language indicating an intent to apply prospectively. We affirm.

No. 50972-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Glasgow, J.