[No. 82431-2.   En Banc.]
Argued March 16, 2010.      Decided May 6, 2010.

JAMES DOUGLAS RIVARD, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*.

*Julia A. Dooris* (of *Gemberling & Dooris PS*), for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Andrew J. Metts III, Deputy*, for respondent.

¶1 C. JOHNSON, J. — This case asks us to determine whether individuals are eligible to own or possess firearms under RCW 9.41.040 if they were convicted of vehicular homicide before the 1996 legislative reclassification of that crime from a class B to a class A felony. The trial court, concluding that the reclassification had no retroactive effect, restored the petitioner's right to possess firearms. The Court of Appeals reversed and concluded that the petitioner was ineligible to possess firearms. We reverse the Court of Appeals.

FACTUAL AND PROCEDURAL HISTORY

¶2 In February 1994, James Rivard was charged by information with vehicular homicide as a result of an accident that occurred in December 1993. Rivard ultimately pleaded guilty to the charge on June 20, 1997. The trial court sentenced Rivard as a first time offender to 90 days' partial confinement and two years of supervised release. The trial court's sentence also erroneously prohibited Rivard from owning or possessing a firearm unless and

until his right to do so was restored.[1] The trial court ordered Rivard's discharge on November 30, 1999. Other than his vehicular homicide conviction, Rivard (as of 2006) had no criminal history.

¶3 In September 2006, Rivard petitioned for the restoration of his right to possess firearms. By this time, the statute prohibiting certain persons from owning or possessing a firearm, RCW 9.41.040, had been amended. In 1993, when Rivard committed his crime, the statute prohibited firearm possession only by those convicted of a "crime of violence" or other felonies involving a firearm. Former RCW 9.41.040(1) (1992). Because Rivard's crime (vehicular homicide) did not qualify as a crime of violence, the statute in place in 1993 did not prohibit him from possessing firearms. Former RCW 9.41.010(2) (1992). By the time of his petition in 2006, however, the relevant statutes had been amended to prohibit possession by anyone convicted of a "serious offense," which included vehicular homicide. RCW 9.41.040(1)(a);[2] former RCW 9.41.010(12)(*l*) (2001). The current unlawful possession statute contains an additional provision that may permit an individual otherwise prohibited from possessing firearms to restore his right to do so, provided that he has not been convicted of either a sex offense or a class A felony. RCW 9.41.040(4). At the time of Rivard's offense, vehicular homicide was a class B felony. Former RCW 46.61.520(2) (1991). In 1996, the crime was reclassified as a class A felony. Former RCW 46.61.520(2) (1996) (LAWS OF 1996, ch. 199, § 7).

¶4 The trial court granted Rivard's petition, concluding that under the saving clause, RCW 10.01.040, Rivard's conviction remains a class B felony despite its subsequent reclassification and that "prior felony convictions" in RCW 9.41.040(4)(b)(i) refers to felony convictions prior to and not

---

[1] At the time Rivard committed his offense, Washington law did not prohibit firearm possession by those convicted of vehicular homicide. Former RCW 9.41.040(1) (1992); former RCW 9.41.010(2) (1992).

[2] The current version of RCW 9.41.040 and the version in place in 2006 are substantively identical, so they will be referred to interchangeably.

including the felony that divested Rivard of his right to possess a firearm (i.e., his vehicular homicide conviction). The trial court ordered Rivard's right to possess firearms restored.

¶5 The State appealed this order, and the Court of Appeals initially affirmed the trial court. However, the Court of Appeals granted the State's motion for reconsideration and reversed itself, holding that because Rivard was convicted of a class A felony, he is now barred from possessing firearms. *State v. Rivard*, 146 Wn. App. 891, 894, 193 P.3d 195 (2008).

## ISSUE

¶6 Whether RCW 9.41.040 permanently prohibits the petitioner, who was convicted of a class B felony later reclassified as class A, from owning or possessing firearms?

## ANALYSIS

¶7 Resolution of this case requires us to answer two questions: First, what is the effect on persons convicted of vehicular homicide before its reclassification from class B to class A? Second, if we conclude that Rivard's conviction should be a class B felony, did the trial court properly restore his rights under RCW 9.41.040?

### 1. Reclassification of Vehicular Homicide

¶8 The State argues, and the Court of Appeals agreed, that because vehicular homicide is now a class A felony, Rivard's conviction is for a class A felony, whether or not it was originally class B. The State asserts that the law in effect at the time of Rivard's petition applies, not the law in effect at the time he committed the underlying felony. In support of this proposition, the State relies on *State v. Schmidt*, 143 Wn.2d 658, 23 P.3d 462 (2001). However, the *Schmidt* opinion does not support the State's argument.

¶9 In *Schmidt* we decided two consolidated cases, both of which involved felons who were later convicted of unlaw-

fully possessing a firearm under RCW 9.41.040. The petitioners challenged these latter possession convictions, arguing that because the statute in effect at the time of their original felony convictions did not prohibit firearm possession, later amendments could not impose such a prohibition without violating the ex post facto clauses of the United States and Washington State Constitutions. Rejecting these arguments, we concluded that because RCW 9.41.040 is regulatory, not punitive, it does not alter the standard of punishment for prior felony convictions. We observed that "it is the law in effect at the time a criminal offense is actually committed that controls disposition of the case." *Schmidt*, 143 Wn.2d at 673-74. It is this principle on which the State relies to contend that we must apply the law in effect at the time of Rivard's petition to the facts of this case.

¶10 The State is partly correct. We do apply the version of the unlawful possession statute in place in 2006, RCW 9.41.040, to Rivard's case because we must assess whether, at the time of his petition, it would be a crime for him to possess a firearm. Because, as we noted in *Schmidt*, this statute is a regulatory one, we evaluate whether Rivard should be able to possess a firearm at the time of his petition, not whether he would have been able to possess one in 1993.

¶11 However, the analogy to *Schmidt* ends there. In contrast to the State's argument, our *Schmidt* holding does not mean that Rivard's vehicular homicide conviction is viewed through the lens of the vehicular homicide statute in place in 2006, RCW 46.61.520. In *Schmidt*, the "offense" at issue was the unlawful possession of a firearm, so the applicable law was the law in effect at the time of that offense, the current version of RCW 9.41.040. Unlike in *Schmidt*, however, Rivard has not violated RCW 9.41.040 by unlawfully possessing a firearm. Thus, the violation of that statute cannot be the relevant "offense" for determining which vehicular homicide statute should apply. Because Rivard committed his vehicular homicide offense in 1993,

under *Schmidt*, the classification of his conviction is determined by the statute in effect at the time of his offense, under which vehicular homicide was a class B felony.[3]

¶12 Rivard argues that his vehicular homicide conviction remains a class B felony pursuant to the saving clause, RCW 10.01.040. That statute provides the following, in relevant part:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act . . . .

RCW 10.01.040.

¶13 The State argued in its brief to the Court of Appeals that the saving clause applies only to statutory *repeals*, and not to mere amendments. But, by its language, the statute applies to both repeals and amendments. Further, our courts have long held that under the saving clause, amendments to criminal statutes (which include reclassification of crimes) do not apply retroactively to offenses committed before the effective dates of those amendments. *See, e.g., State v. Ross*, 152 Wn.2d 220, 237-39, 95 P.3d 1225 (2004); *State v. McCarthy*, 112 Wn. App. 231, 236-37, 48 P.3d 1014 (2002); *State v. Kane*, 101 Wn. App. 607, 610-12, 5 P.3d 741 (2000).

¶14 In the present case, the saving clause precludes retroactive application of the 1996 reclassification of the vehicular homicide statute. No indication exists that the legislature intended this reclassification to apply retroactively. Therefore, the subsequent reclassification of an offense from a class B to a class A felony has no effect on a prior conviction for that offense and does not retroactively

---

[3] This conclusion is further supported by a 2000 amendment to the Sentencing Reform Act of 1981, in which the legislature clarified that "[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." RCW 9.94A.345 (Laws of 2000, ch. 26, § 2).

convert the conviction to a class A felony. Rivard's vehicular homicide conviction remains a class B felony.

## 2. Application of RCW 9.41.040

¶15 We must next decide whether, under RCW 9.41.040, Rivard, having been convicted of a class B felony, may regain his right to possess a firearm. Two subsections of the statute are determinative: RCW 9.41.040(1)(a) and (4).

¶16 Subsection (1)(a) prohibits a person convicted of a "serious offense" from possessing a firearm. Specifically, the provision states in relevant part the following:

> A person . . . is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted . . . of any *serious offense* as defined in this chapter.

RCW 9.41.040(1)(a) (emphasis added). Under the statute, "serious offense" includes vehicular homicide. Former RCW 9.41.010(12)(*l*). Therefore, because Rivard has been convicted of a serious offense (his "disabling offense"), subsection (1) would, as an initial matter, prohibit him from owning or possessing a firearm.

¶17 However, subsection (4) creates certain exceptions to the general prohibitions under subsection (1). Specifically, if a person prohibited from possessing a firearm under subsection (1) has not previously been convicted of a sex offense or a class A felony, that person may petition to have his right to possess firearms restored.[4] RCW 9.41.040(4). However, where the petitioner is a felon, a petition is permitted only if he has spent at least five years

---

[4] The subsection states in relevant part:

Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) or (2) of this section and *has not previously been convicted* . . . *of* a sex offense prohibiting firearm ownership . . . and/or *any felony defined under any law as a class A felony* or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored.

RCW 9.41.040(4) (emphasis added).

in the community without being charged or convicted of any other crimes, and if he has "no prior felony convictions" that prohibit firearm possession. RCW 9.41.040(4)(b)(i). Specifically, this subsection states in pertinent part as follows:

> If the conviction . . . was for a felony offense, after five or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has *no prior felony convictions* that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525 . . . .

RCW 9.41.040(4)(b)(i) (emphasis added). The trial court concluded that "prior felony convictions" refers to *other* felony convictions entered prior to the disabling offense. The State argued to the Court of Appeals that "prior felony convictions" includes the disabling offense. Statutory interpretation favors the trial court's view.

¶18 When interpreting statutes, we must discern and implement the intent of the legislature. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We look first to the plain meaning of the statutory language, and we interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous. The State argues that "prior felony convictions" must include the disabling offense, but it fails to address the statutory consequences of that interpretation.

¶19 Subsection (4)(b)(i) specifies that felons may petition for restoration of their firearm rights if two conditions are met: first, they must have spent 5 crime-free years in the community, and second, they must have no prior felony convictions counted as part of the offender score. The offender score statute, RCW 9.94A.525, provides that class B felonies are included in the offender score for 10 years, if the offender spent those years crime-free in the community. Class C felonies are included for 5 years. Therefore, under the State's interpretation of "prior felony convictions," an offender whose disabling felony was a class B felony could

petition for restoration only after 10 crime-free years had elapsed (the time at which the felony would no longer be included in the offender score). A class C felon would be eligible in 5 years. This interpretation thus reads the first condition of subsection (4)(b)(i) right out of the statute. Under that view, whether or not the individual spent 5 crime-free years in the community, as required by subsection (4)(b)(i), is irrelevant; the time frames set in RCW 9.94A.525 would control. Under our rules of statutory construction, this interpretation is not supported in the statutory language.

¶20 The trial court's interpretation—where "prior felony convictions" refers only to felonies occurring prior to the disabling offense—makes logical use of all the language in RCW 9.41.040(4)(b)(i). Under this reading, a court does not ask whether the disabling offense is included in the offender score. Instead, the court looks only at felonies committed prior to that offense. For example, if a felon had, in addition to a 6-year-old disabling felony, another class B felony conviction from 7 years ago, that individual would be ineligible to petition for restoration of firearm possession rights for another 3 years pursuant to RCW 9.94A.525, or until he had remained crime-free in the community for 10 years after the class B felony conviction. Although he had remained crime-free for the requisite 5 years for the purpose of his disabling felony, a prior conviction still included in his offender score delays his eligibility. However, where a felon has no convictions prior to the disabling offense, his eligibility is determined solely by the 5-year period described in subsection (4)(b)(i).

¶21 This latter circumstance describes Rivard's situation. Because he has no criminal history aside from the vehicular homicide conviction (the disabling offense), his eligibility to petition for the restoration of his firearm possession rights is determined by the five-year period described in RCW 9.41.040(4)(b)(i). And because Rivard filed his petition in September 2006, more than nine years after his June 1997 conviction, he was eligible to have his rights restored.

¶22 However, the State argues that, no matter how we interpret the statute, we cannot restore Rivard's right to possess a firearm because that right could not exist in practice. In other words, if, after having his right restored, Rivard attempted to purchase a firearm, the firearms dealer would nonetheless refuse to sell the weapon because a criminal background check would reveal that Rivard is ineligible to possess firearms. This argument fails under the analysis and conclusion above. As stated, Rivard qualifies under the statute for restoration of his right to own and possess firearms.

CONCLUSION

¶23 Because Rivard's conviction for vehicular homicide remains a class B felony, he was eligible under RCW 9.41.040 to petition to have his right to possess a firearm restored. The trial court thus correctly restored his rights. We reverse the Court of Appeals and reinstate the trial court's decision.

MADSEN, C.J., and ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.