# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| AUSTIN J. BENSON, | No.  50270-4-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Austin J. Benson appeals the superior court's order denying his petition to restore his firearm rights under RCW 9.41.040(4).[1]  Benson argues that (1) his 2008 conviction for second degree robbery is not an automatic bar to restoration of firearm rights, and (2) because his two disabling felonies were entered and sentenced on the same day, he does not have any *prior* felony convictions that are part of his offender score and that would prevent restoration of his firearm rights.  We agree with Benson.

Benson also argues that he was not required to prove compliance with the sentencing conditions when the predicate conviction is a felony.  The State concedes this issue.  We accept the State's concession.  Accordingly, we reverse the superior court's dismissal of Benton's petition for restoration of his firearm rights, vacate the order denying the petition for restoration of firearm rights, and remand for further proceedings consistent with this decision.

---

[1] The legislature amended RCW 9.41.040 in 2017, after the date Benson filed his petition.  Laws of 2017 ch. 233 § 4.  Because the amendments did not change the subsections we rely on, we cite to the current version of the statute.

FACTS

On May 28, 2008, Benson was convicted of one count of unlawful possession of a controlled substance (a class C felony) and one count of second degree robbery (a class B felony). Although these offenses were committed on different dates and charged under different cause numbers, he was convicted and sentenced for both convictions on the same date. Both of these convictions were disabling offenses that prohibited him from owning, possessing, using, or controlling a firearm. RCW 9.41.040(1), (2).

On March 2, 2017, Benson petitioned for restoration of his firearm rights. In addition to acknowledging the convictions described above, he stated that on August 21, 2009, he had also been convicted of third degree driving with a suspended or revoked license, a misdemeanor. He further alleged that (1) he had been in the community for more than five years without being convicted of any felony, gross misdemeanor, or misdemeanor crimes, and (2) no charges were pending against him in any court.

The State objected to Benson's restoration petition, arguing that (1) under RCW 9.41.040(4)(a), his class B second degree robbery conviction was an automatic bar to restoration, (2) Benson had not provided proof that he had completed the sentencing conditions of his two felony convictions, and (3) under RCW 9.41.040(4)(a)(ii)(A), Benson was not entitled to have his rights restored because his class B second degree robbery conviction had not yet washed out as a felony point. Benson responded that (1) his class B second degree robbery conviction was not an automatic bar to restoration, (2) he did not have to prove compliance with the sentencing conditions, and (3) under *Rivard v. State*, 168 Wn.2d 775, 221 P.3d 186 (2010), the class B second

degree robbery conviction did not prevent restoration of his firearm rights because it was not a "prior conviction."

The superior court denied Benson's petition based on the State's first argument, that the second degree robbery conviction was an automatic bar to restoration.[2]

Benson appeals.

## ANALYSIS

### I. SECOND DEGREE ROBBERY NOT AN AUTOMATIC BAR

Benson argues that the second degree robbery conviction is not an automatic bar to restoration.[3] We agree.

RCW 9.41.040(4)(a) provides:

Notwithstanding subsection (1) or (2) of this section, a person convicted . . . of an offense prohibiting the possession of a firearm under this section other than . . . *robbery*, . . . who received a probationary sentence under RCW 9.95.200, and who received a dismissal of the charge under RCW 9.95.240, *shall not be precluded from possession of a firearm* as a result of the conviction or finding of not guilty by reason of insanity. Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) or (2) of this section and has not previously been convicted or found not guilty by reason of insanity of a sex offense prohibiting firearm ownership under subsection (1) or (2) of this section and/or any felony defined under any law as a class A felony or with a

---

[2] Based on the record before us, it appears the superior court did not address the rest of the State's arguments or make any other findings related to the restoration petition.

[3] We note that the State originally conceded that the second degree robbery conviction was not an automatic bar to restoration of firearm rights, but it appears that the State is withdrawing this concession in its Statement of Additional Authorities. *See* Respondent's Statement of Additional Authorities. The case law cited by the State in its Statement of Additional Authorities, *Smith v. State*, 118 Wn. App. 464, 76 P.3d 769 (2003), is not persuasive. In *Smith*, the petitioner had been convicted of a prior sex offense, an offense that precluded restoration of firearm rights under RCW 9.41.040(4)(a), whereas, as discussed below, Benson was not convicted of any offense that precluded restoration of firearm rights under that statute.

maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored:

(Emphasis added).

The first sentence of RCW 9.41.040(4)(a) excludes certain offenses for which a defendant received a probationary sentence under RCW 9.95.200 and dismissal of the charge under RCW 9.95.240 from the firearm prohibition. RCW 9.41.040(4)(a). The first sentence does not say that those convicted of robbery cannot petition to restore their firearm rights.[4]

Instead, it is the second sentence of RCW 9.41.040(4)(a) that addresses the restoration of firearm rights. This second sentence allows for the restoration of firearm rights for persons who have been convicted of some felonies, but it does not allow for the restoration of for persons who have been convicted of a class A felony, a sex offense, or who have had a maximum sentence of at least 20 years. The second sentence does not exclude all robberies from restoration of firearm rights. Thus, the trial court erred when it concluded that the class B second degree robbery was an automatic bar to restoration.

## II. "PRIOR FELONY CONVICTIONS"

The State also argues that Benson is not entitled to restoration of his firearm rights because his other current offense, the class B second degree robbery conviction, has not yet washed out of his offender score and this offense precludes restoration of his firearm rights under RCW 9.41.040(4)(a)(ii)(A). We disagree.

---

[4] Moreover, the first sentence of RCW 9.41.040(4)(a) does not apply here because Benson could not have received a probationary sentence under RCW 9.94.200 for his felony offenses. RCW 9.95.900(1) ("Except as provided in subsection (2) of this section, the following sections of law do not apply to any felony offense committed on or after July 1, 1984: . . . 9.95.200.").

Benson argues that under *Rivard*, he is entitled to restoration of his firearm rights because he does not have any *prior* convictions that counted as part of his offender score as required under RCW 9.41.040(4)(a)(ii)(A). The State responds that Benson's other current offense, the second degree robbery, qualifies as a "prior conviction" that precludes relief under RCW 9.41.040(4)(a)(ii)(A) because second degree robbery is a class B felony offense that has not yet washed out of his offender score. Whether an other current offense qualifies as a "prior conviction" that can preclude firearm restoration is an issue of first impression. Based on the plain language of RCW 9.41.040(4)(a)(ii)(A) and RCW 9.94A.525(1),[5] we conclude that an other current offense is not a "prior conviction" for purposes of firearm restoration.

We review issues of statutory interpretation de novo. *State v. Gray*, 189 Wn.2d 334, 339, 402 P.3d 254 (2017). "When interpreting statutes, we must discern and implement the intent of the legislature. We look first to the plain meaning of the statutory language, and we interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous." *Rivard*, 168 Wn. 2d at 783 (internal citation omitted). But we avoid a reading that produces absurd results. *Tingley v. Haisch*, 159 Wn.2d 652, 663-64, 152 P.3d 1020 (2007).

RCW 9.41.040(4)(a)(ii)(A) allows for restoration of firearm rights if (1) the defendant has spent "five or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes," and (2) "the individual has no *prior felony convictions* that prohibit the

---

[5] The legislature has amended this statute several times since Benson's convictions and since the date he filed his petition for restoration of firearm rights. Laws of 2017, ch. 272 § 3; Laws of 2013 2nd sp. sess., ch. 35 § 8; Laws of 2011, ch. 166 § 3; Laws of 2010, ch. 274 § 403; Laws of 2008, ch. 231 § 3. Because none of these amendments changed the subsection we rely on in this opinion, we cite to the current version of the statute.

possession of a firearm counted as part of the offender score under RCW 9.94A.525." (Emphasis added). The State does not dispute that Benson has spent five or more consecutive years in the community without other convictions or dispute that he is not currently charged with any crimes. Thus, the sole issue here is whether "prior felony convictions" that "counted as part of the offender score under RCW 9.94A.525" includes other concurrent convictions that were entered or sentenced on the same day. *See* RCW 9.41.040(4)(a)(ii)(A). We hold that "prior felony convictions" that "counted as part of the offender score under RCW 9.94A.525" do not include other current convictions that were entered or sentenced on the same day.

Benson argues that *Rivard* is dispositive. Although *Rivard* is relevant, it does not resolve the issue here. *Rivard* establishes that we must examine whether the petitioner had other felonies before the date of the disabling felony conviction rather than looking at the facts that existed at the time of the firearm restoration petition. 168 Wn.2d at 784. Rivard was convicted of a single offense, so our Supreme Court did not address the situation we have here where the petitioner was convicted and sentenced for more than one qualifying felony that prohibited the possession of a firearm at the same time. Instead, the plain language of RCW 9.41.040(4)(a)(ii)(A) and RCW 9.94A.525(1) resolves this issue.

As noted above, RCW 9.41.040(4)(a)(ii)(A) allows for restoration of firearm rights if "the individual has no *prior* felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525." (Emphasis added). RCW 9.94A.525(1) provides:

> A *prior conviction* is a conviction which exists *before the date of sentencing* for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.589.

(Emphasis added).

Benson's two felony convictions were entered and sentenced on the same day, so they are *other current offenses* in relation to one another, *not prior convictions* under RCW 9.94A.525(1). The mere fact that the other current convictions could each be treated as prior offenses and included in Benson's offender score at some future date does not also mean that these convictions become prior felony convictions under RCW 9.94A.525. If that were the case, then *any* felony conviction included in the petitioner's offender score would need to be considered. This would require us to ignore the use of the term "prior" in the phrase "prior felony convictions" as used in RCW 9.41.040(4)(a)(ii)(A). Because we must "give effect to all language, so as to render no portion meaningless or superfluous," we cannot ignore this term. *Rivard*, 168 Wn. 2d at 783.

The State argues that this interpretation will lead to an absurd result because it would allow the restoration of firearm rights to petitioners who have several convictions or sentences imposed on the same date but would not allow restoration for someone with fewer convictions if even one of those convictions and sentences occurred the day before the last qualifying felony conviction prohibiting the possession of a firearm. The argument is well-taken, but we do not find it persuasive.

Although we must "'avoid [a] literal reading of a statute [that] would result in unlikely, absurd, or strained consequences[,]' . . . this cannon of construction must be applied sparingly." *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 311, 268 P.3d 892 (2011) (first alteration in original) (quoting *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 239, 59 P.3d 655 (2002); and citing *Duke v. Boyd*, 133 Wn.2d

80, 87, 942 P.2d 351 (1997)). Here, it is conceivable that the legislature intentionally drafted this language to avoid other potentially absurd results.

For instance, in this case treating the other current offense as a prior offense would mean that Benson could petition to restore his firearm restriction in relation to the class B felony offense in five years, but he could not petition to restore his rights in relation to the class C offense for ten years. It would make little sense to impose harsher restrictions for firearm restoration on a lesser offense. This is particularly important because in many cases the other current offenses would have taken place at the same time. Because there are conceivable reasons that the legislature used the language it did, the State's argument that the results are absurd is not persuasive. Accordingly, we hold that other current offenses do not qualify as "prior felony convictions" that "counted as part of the offender score under RCW 9.94A.525" for purposes of RCW 9.41.040(4)(a)(ii)(A).

III. CONCESSION: NO PROOF OF COMPLIANCE WITH SENTENCING CONDITIONS REQUIRED

Finally, the State concedes that Benson did not need to prove that he had complied with the sentencing conditions because the disabling offenses were felonies. We agree.

The provision requiring compliance with all sentencing conditions is found in RCW 9.41.040(4)(a)(ii)(B), which addresses nonfelony offenses. Benson's convictions were for felony offenses, so this provision does not apply. There is no requirement that the petitioner comply with the sentencing conditions in the applicable subsection, RCW 9.41.040(4)(a)(ii)(A). Accordingly, we accept the State's concession on this issue.

Accordingly, we hold that (1) Benson's 2008 conviction for the class B second degree robbery is not an automatic bar to restoration of firearm rights, (2) Benson's other current conviction is not a "prior felony conviction[]" that precluded restoration, and (3) there is no

requirement that Benson comply with sentencing conditions. Thus, we reverse and vacate the superior court's order. But because nothing in our record shows that the superior court considered any other factors related to the firearm restoration petition and the State has not shown that Benson is not entitled to restoration under RCW 9.41.040(4)(a)(ii)(A), we remand this matter back to the superior court for further proceedings consistent with this decision.

SUTTON, J.

We concur:

LEE, A.C.J.

WORSWICK, J.

9