**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50821-4-II |
| Respondent, | PUBLISHED OPINION |
| v. | |
| P.M.P., | |
| Appellant. | |

BJORGEN, J.P.T.[*] — P.M.P.[1] appeals from a superior court order denying his motion to seal his juvenile record concerning charges of indecent liberties by forcible compulsion and first degree child molestation. P.M.P. argues the superior court erred when it denied his motion to seal his juvenile record.

We hold that P.M.P's 1993 conviction of indecent liberties by forcible compulsion remains a class B felony under *Rivard v. State*, 168 Wn.2d 775, 781-82, 231 P.3d 186 (2010), and that the plain language of RCW 13.50.260(4)(b) unambiguously compels the superior court to grant a motion to seal records for class B offenses if the specified statutory conditions are met. Further, once the records for that conviction are sealed, the conviction is treated as if it never occurred. Therefore, under RCW 13.50.260(4)(a), P.M.P.'s conviction of indecent liberties by forcible compulsion would not preclude the court from sealing his records for first degree child

---

[*] Judge Bjorgen is serving as a judge pro tempore for the Court of Appeals, pursuant to RCW 2.06.150.

[1] The appellant requests our court to change the caption in this case to *State v. P.M.P.* After giving the parties notice and the opportunity to object, we changed the caption to *State v. P.M.P* pursuant to RAP 3.4.

molestation, a class A offense. Under the plain language of RCW 13.50.260(4)(a), the superior court must grant a motion to seal his records for first degree child molestation if the specified statutory conditions are met.

For these reasons, the superior court erred when it denied P.M.P.'s motion to seal his juvenile record. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

On December 28, 1993, P.M.P. pled guilty to one count of child molestation and one count of indecent liberties by forcible compulsion. In his plea statement, P.M.P. stated in his own words what he did that resulted in being charged with the offenses. P.M.P.'s written statement was as follows:

> On or about April 30, 1991, I had sexual contact with [G.C.] who I am not married to, then being 3 y[ea]rs younger than me in Pierce County, W[ashington].

> On or about April, 1990, I had sexual contact with [D.C.], a person I am not married to, by forcible compulsion, in Pierce County, W[ashington].

Clerk's Papers (CP) at 19.[2]

As part of P.M.P.'s juvenile sexual offender dispositional order, the court ordered community supervision with a variety of conditions including, for example, registration as a sex offender. The superior court relieved P.M.P. from his obligation to register as a sex offender on December 7, 2001.

On October 27, 2016, P.M.P. filed a motion to seal his juvenile record based on RCW 13.50.260, with a declaration in support. P.M.P.'s motion erroneously listed indecent liberties as

---

[2] In April 1990, indecent liberties by forcible compulsion was a class B felony. LAWS OF 1988, ch. 146, § 2. On April 30, 1991, first degree child molestation was a class A felony. LAWS OF 1990, ch. 3, § 902. These are the classifications of P.M.P.'s offenses when he committed them and when he was sentenced for them.

a class A felony.[3]  On November 7, the State filed a response, arguing that the by "forcible compulsion" language included in the plea statement precluded P.M.P. from sealing the indecent liberties count under RCW 13.50.260(4)(a)(v), because the offense was committed with actual forcible compulsion.

On November 21, after hearing argument from the parties, the superior court commissioner denied P.M.P.'s motion to seal.  The court commissioner's order found, in relevant part, that:

> 5.  The respondent's juvenile adjudication is Rape in the First Degree, Rape in the Second Degree, or Indecent Liberties with Forcible Compulsion that was actually committed with forcible compulsion.  The respondent does not meet this requirement (RCW 13.50.260(4)(a)(v)).

CP at 24-25.  The order also found that P.M.P. had satisfied the other elements of RCW 13.50.260(4)(a)(i)-(vi).

P.M.P. filed a motion for revision, which was denied.  On revision, the superior court entered additional findings of fact relating to the commissioner's finding 5, as follows:

> (a)  The respondent's guilty plea statement on the above-listed charge[s] is presumptively valid.  Words "Forcible Compulsion" satisfies statute in plea.
>
> (b)  Pursuant to State v. J.C., 192 Wn. App 122 (2016), the court's analysis ends with the finding of the presumptively valid underlying guilty plea.  No further inquiry shall be conducted.

CP at 32.  The superior court's order again found that P.M.P. had satisfied the other elements of RCW 13.50.260(4)(a)(i)-(vi).

On January 17, 2017, P.M.P. filed his notice of appeal.  However, he withdrew his appeal after recognizing an error in the original motion that he had filed with the superior court—

---

[3] Indecent liberties by forcible compulsion became a class A felony in 2001.  LAWS of 2001, 2d Spec. Sess., ch. 12, § 359.

namely, that indecent liberties by forcible compulsion was not a class A felony, but was a class B felony in 1993 and remained a class B felony under *Rivard*, 168 Wn.2d 775.

P.M.P. filed another motion to seal with the superior court and, this time, he properly listed the indecent liberties charge as a class B felony. The State agreed that the indecent liberties by forcible compulsion was a class B felony at the time P.M.P. was convicted, although the crime was later elevated to a class A felony in 2001. Still, the State argued that the reclassification did not change the analysis or result as to whether P.M.P.'s record could be sealed. The superior court agreed with the State, and its order essentially mirrored the superior court commissioner's order originally entered on November 21, 2016.

P.M.P. appeals.

## ANALYSIS

### I. RCW 13.50.260(4)

P.M.P. argues that the superior court erred when it denied his motion to seal his juvenile record. We agree.

### A. Standard of Review

Statutory interpretation is a question of law that we review de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The objective of statutory interpretation is to determine and implement the legislature's intent. *Id.* at 110. We determine legislative intent from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).

We presume the legislature is aware of judicial interpretation and construction of prior statutes. *State v. Otton*, 185 Wn.2d 673, 685-86, 374 P.3d 1108 (2016). Absent evidence of legislative intent to overrule the common law, new legislation will be presumed to be consistent with prior judicial decisions. *Id.*

In interpreting a statute, we look first to its plain language. *Armendariz*, 160 Wn.2d at 110. If the plain language of the statute is unambiguous, then our inquiry is at an end, and the statute is to be enforced in accord with its plain meaning as an expression of legislative intent. *Id.* Where the plain language of the statute is open to more than one reasonable interpretation, though, it is ambiguous. *Id.* We may attempt to determine the legislative intent underlying an ambiguous statute from its legislative history. *Id.* at 110-11.

B.      Sealing P.M.P.'s Conviction for Indecent Liberties (Class B Felony)

P.M.P. essentially argues that the superior court must seal his conviction for indecent liberties, as he has met all the requirements of RCW 13.50.260(4)(b). For the following reasons, we agree with P.M.P. and reverse and remand to the superior court for further proceedings consistent with this opinion.

RCW 13.50.260(4)(b) provides:

The court *shall grant* any motion to seal records for class B, class C, gross misdemeanor, and misdemeanor offenses and diversions made under subsection (3) of this section if:

(i) Since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, or completion of the diversion agreement, the person has spent two consecutive years in the community without being convicted of any offense or crime;

(ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;

(iii) No proceeding is pending seeking the formation of a diversion agreement with that person;

(iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense; and

(v) The person has paid the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any insurance provider authorized under Title 48 RCW.

(Emphasis added.)

In this case, P.M.P. was convicted of indecent liberties under former RCW 9A.44.100(1)(a) (1993),[4] which at the time he was convicted in 1993 was a class B felony. Indecent liberties by forcible compulsion became a class A felony in 2001. LAWS OF 2001, 2d Spec. Sess., ch. 12, § 359. P.M.P. cites *Rivard*, 168 Wn.2d at 781-82, for the proposition that "the subsequent reclassification of an offense from a class B to a class A felony has no effect on a prior conviction for that offense and does not retroactively convert the conviction to a class A felony."

The State counters by pointing out that RCW 13.50.260(4)(a)(v) states:

The court shall grant any motion to seal records for class A offenses made pursuant to subsection (3) of this section if:

. . . .

(v) The person has not been convicted of rape in the first degree, rape in the second degree, or indecent liberties that was actually committed with forcible compulsion.

Br. of Resp't at 6-7. The State argues that this provision focuses on the elements of indecent liberties committed by forcible compulsion, not its offense classification. The State thus argues that the statutory language directs the superior court to "actually" consider the elements of the

---

[4] Under former RCW 9A.44.100(1)(a), "[a] person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another . . . [b]y forcible compulsion."

specified offenses; that is, first and second degree rape and indecent liberties that was actually committed with forcible compulsion. The State claims that this focus on elements, not offense classification, distinguishes *Rivard*, where the classification determined the right to possess a firearm.

The State, however, did not address the critical issue in *Rivard*. In *Rivard*, our Supreme Court was asked to determine the effect of the savings clause, RCW 10.01.040, "on persons convicted of vehicular homicide before its reclassification from class B to class A." 168 Wn.2d at 779. RCW 10.01.040 provides, in relevant part:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act.

*Rivard* concluded that there was no indication the legislature intended the reclassification of vehicular homicide to apply retroactively. 168 Wn.2d at 781-82. *Rivard* held, therefore, that the savings clause precluded retroactive application of the reclassification of the vehicular homicide statute. *Id*.

The same is the case in this appeal. The State has presented no authority indicating that the legislature intended the reclassification of the indecent liberties statute to apply retroactively. In fact, the legislature's intent is not expressly declared in the act reclassifying the offense. *See generally* LAWS OF 2001, 2d Spec. Sess., ch. 12, § 359. *Rivard*'s holding that "the subsequent reclassification of an offense from a class B to a class A felony has no effect on a prior conviction for that offense and does not retroactively convert the conviction to a class A felony," applies with full force to P.M.P.'s conviction of indecent liberties by forcible compulsion. 168 Wn.2d at 781-82.

The State also argues that in 2011, when the provision in RCW 13.50.260(4)(a)(v) noted above was amended, indecent liberties with forcible compulsion was a class A offense and had been so since 2001. The State contends that nothing in the record suggests any legislative intent to distinguish consideration of pre-2011 indecent liberties with forcible compulsion cases from post-2011 indecent liberties cases.

What this argument ignores, though, is that the 2011 amendments to RCW 13.50.260(4)(a)(v) applied only to class A offenses and, as shown above, *Rivard* and the savings clause require us to treat P.M.P.'s indecent liberties conviction as a class B offense. For these reasons, P.M.P.'s conviction of indecent liberties by forcible compulsion remains a class B felony for the purposes of our analysis in accord with RCW 10.01.040 and *Rivard*.[5]

The State also argues that even though RCW 13.50.260(4)(b) requires the sealing of class B felonies if the specified statutory conditions are met, sealing P.M.P.'s conviction for indecent liberties by forcible compulsion under former RCW 9A.44.100(1)(a) would defeat the legislative intent expressed in RCW 13.50.260(4)(a)(v) for class A offenses.

As noted, RCW 13.50.260(4)(a)(v) provides, in part:

> The court *shall grant* any motion to seal records for class A offenses . . . if:
>
> . . . .
>
> (v) The person has *not been convicted of* rape in the first degree, rape in the second degree, or *indecent liberties that was actually committed with forcible compulsion*.

---

[5] In addition, the legislature amended RCW 13.50.260(4) in 2011, after the decision in *Rivard* by the Supreme Court in 2010. We presume the legislature to know the existing case law in the areas in which it is legislating. *State v. Young*, 125 Wn.2d 688, 696, 888 P.2d 142 (1995). Thus, the fact that the legislature did not include indecent liberties with forcible compulsion in the statutory section addressing class B felonies shows that the legislature intended RCW 13.50.260(4)(a)(v) to apply only to crimes classified as class A felonies after 2001.

(Emphasis added.) The State argues that if P.M.P.'s indecent liberties conviction is sealed because it was a class B felony under former RCW 9A.44.100(1)(a), then that conviction must be treated as if it never occurred. In that case, the State argues, P.M.P.'s conviction for first degree child molestation must then also be sealed, as RCW 13.50.260(4)(a)(v) would no longer preclude him from sealing that conviction. Thus, the State claims that allowing P.M.P. to seal his class B felony produces a conflict that defeats the legislature's intent to preclude a person convicted of "indecent liberties that was actually committed with forcible compulsion" from sealing records for class A offenses. Br. of Resp't at 8-9.

In 1997, RCW 13.50.050 categorically prohibited juveniles with a class A felony or sex offenses from sealing records. LAWS OF 1997, ch. 338, § 40. In 2011, the legislature amended this statute to allow juveniles with class A felony offenses to seal those records, so long as "[t]he person has not been convicted of rape in the first degree, rape in the second degree, or indecent liberties that was actually committed with forcible compulsion." LAWS OF 2011, ch. 338, § 4. In 2014, the legislature recodified the sealing statute in a new section, RCW 13.50.260. LAWS OF 2014, ch. 175, §§ 3-4. Both parties appear to agree that we should apply the current sealing statute.

Thus, on the one hand, we apply the felony classification scheme in place at the time P.M.P. was convicted. *See Rivard*, 168 Wn.2d at 781-82. On the other hand, we agree with both parties that we apply the current sealing statute. With that, we turn to the plain language of the relevant statutes.

The juvenile record sealing statute provides that after a convicted person meets certain conditions, that person can petition the court to "order the sealing of the official juvenile court

record, the social file, and records of the court and of any other agency in the case." RCW

13.50.260(3). Once that person receives a court order sealing their juvenile court records,

> [t]hereafter, the proceedings in the case shall be *treated as if they never occurred*, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed. Any agency shall reply to any inquiry concerning confidential or sealed records that records are confidential, and no information can be given about the existence or nonexistence of records concerning an individual.

RCW 13.50.260(6)(a) (emphasis added). After receiving an order sealing their juvenile records

and adjudications, the juvenile offender is treated as not having "previously been convicted"

under RCW 9.41.040(3); *see also, e.g.*, *Barr v. Snohomish County Sheriff*, 4 Wn. App. 2d 85, 94-

95, 419 P.3d 867, *review granted*, 191 Wn.2d 1918 (2018) (holding the petitioner was not

prohibited from obtaining a concealed pistol license because, under the juvenile sealing statute,

sealed adjudications are to be "treated as if they never occurred").

RCW 13.50.260(4)(b) provides that "[t]he court shall grant any motion to seal records for

class B" felonies if the specified statutory conditions are met. "It is well settled that the word

'shall' in a statute is presumptively imperative and operates to create a duty, rather than to confer

discretion." *In re Matter of K.J.B.*, 187 Wn.2d 592, 601, 387 P.3d 1072 (2017). More

specifically, use of the word "shall" highlights the mandatory nature of the statutory

requirements that must be met to obtain an order sealing juvenile offender records. *Eubanks v.

Brown*, 180 Wn.2d 590, 596 n.1, 327 P.3d 635 (2014). Accordingly, if the statute imposes a

mandatory obligation to seal, and if a person meets the specified statutory conditions, our

Supreme Court has stated, "Rather than disturbing the careful policy judgments at issue, we have

always given effect to the statutory procedures and requirements for sealing juvenile records."

*State v. S.J.C.*, 183 Wn.2d 408, 422-23, 352 P.3d 749 (2015). Thus, under the unambiguous

plain language of RCW 13.50.260(4)(b), the superior court must grant a motion to seal a juvenile offender's court records when the specified statutory conditions are met for all class B offenses.

Because the statute at issue here is unambiguous, we must give effect to its plain meaning as an expression of legislative intent. *Armendariz*, 160 Wn.2d at 110. The superior court did not enter findings of fact or conclusions of law that address whether P.M.P.'s conviction for indecent liberties by forcible compulsion under former RCW 9A.44.100(1)(a), which remains a class B felony under *Rivard* and RCW 10.01.040, should be sealed pursuant to RCW 13.50.260(4)(b). We do not make findings of fact and, where the superior court failed to enter sufficient findings, remand is the proper remedy. *State v. Barber*, 118 Wn.2d 335, 342, 823 P.2d 1068 (1992).

Accordingly, if on remand the superior court finds that the statutory conditions contained in RCW 13.50.260(4)(b)(i)-(v) are met, then it must grant P.M.P.'s motion to seal his conviction for indecent liberties by forcible compulsion under former RCW 9A.44.100(1)(a), which remains a class B felony under *Rivard*, 168 Wn.2d at 781-82.

C.      Sealing Conviction for First Degree Child Molestation (Class A Felony)

RCW 13.50.260(4)(a)(i)-(ii) provides:

The court *shall grant any motion to seal records for class A offenses . . . if*:

(i) Since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in an adjudication or conviction;

(ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;

(iii) No proceeding is pending seeking the formation of a diversion agreement with that person;

(iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense;

(v) *The person has not been convicted of* rape in the first degree, rape in the second degree, or *indecent liberties that was actually committed with forcible compulsion*; and

(vi) The person has paid the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any insurance provider authorized under Title 48 RCW.

(Emphasis added.)

As above, the plain language of RCW 13.50.260(4)(a) requires the superior court to grant a motion to seal records for class A offenses when the specified statutory conditions are met. If on remand the superior court concludes that P.M.P.'s conviction for indecent liberties by forcible compulsion under former RCW 9A.44.100(1)(a) must be sealed pursuant to RCW 13.50.260(4)(b), then that conviction must be treated as if it never occurred under RCW 13.50.260(3). Then, if the superior court finds that the statutory conditions contained in RCW 13.50.260(4)(a)(i)-(vi) are met, it must likewise grant P.M.P.'s motion to seal his conviction for first degree child molestation under former RCW 9A.44.083 (1990).

## CONCLUSION

We hold the superior court erred when it denied P.M.P.'s motion to seal his juvenile record. We therefore reverse and remand for further proceedings consistent with this opinion.

Bjorgen, J.P.T.

We concur:

Maxa, C.J.

Lee, J.