FILED
10/19/2020
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>   v.<br><br>MATTHEW FORREST<br>BRASFIELD,<br><br>     Appellant. | No. 79759-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Matthew Brasfield pleaded guilty to unlawful possession of a controlled substance. He appeals the imposition of Department of Corrections (DOC) supervision fees, collection costs, and interest on nonrestitution legal financial obligations (LFOs). Because the trial court's imposition of the supervision fees was based on legal error and because the court appears to have unintentionally imposed collection costs and nonrestitution interest, we remand with directions to strike all three fees.

FACTS

On March 14, 2019, Brasfield pleaded guilty to unlawful possession of a controlled substance, methamphetamine. As part of Brasfield's plea agreement, the State recommended chemical dependency treatment under the drug offender sentencing alternative, former RCW 9.94A.660 (2016). The trial court accepted the State's recommendation and sentenced Brasfield to three to six months in residential chemical dependency treatment, along with 24 months in community

Citations and pin cites are based on the Westlaw online version of the cited material.

custody.

At the plea hearing, the trial court agreed to waive discretionary LFOs because Brasfield was indigent. The court told Brasfield, "I've deleted discretionary financial obligations. What that means, Mr. Brasfield, is that there is an obligation that is required by law. The other fines and fees that the Court can assess, I'm not assessing them in view of your financial situation." Despite this declaration, the initial order entered by the court included a $200 criminal filing fee, collection costs, interest on all LFOs, and DOC supervision fees.

Brasfield's attorney requested that the court waive Brasfield's supervision fees, but the court noted it was not familiar with these fees. Because of the time sensitive nature of Brasfield's treatment plan, the court went ahead with the sentencing and ordered the fees but planned to reconsider them on motion. Brasfield's attorney filed a motion requesting that the court strike the criminal filing fee and the supervision fees. At the motion hearing, the court ruled that the filing fee should be struck, as it was imposed in error. Regarding the supervision fees, the State opposed Brasfield's request, noting that DOC staff had claimed that "they don't sanction anyone or anything like that based on the inability to pay the fee." The court acknowledged that "Brasfield's financial circumstances are dire" and expressed concern for his financial status. However, it ultimately decided not to waive the supervision fees on the basis that it did not have authority to do so under the statutory scheme or alternatively that the statutory scheme expressed a preference for DOC to make the decision. Neither the court nor the parties explicitly discussed the collection costs and nonrestitution interest.

Brasfield appeals.

ANALYSIS

Standard of Review

The imposition of discretionary LFOs is reviewed for abuse of discretion. State v. Ramirez, 191 Wn.2d 732, 741, 426 P.3d 714 (2018). However, statutory interpretation is a question of law that we review de novo. E.g., State v. Mohamed, 187 Wn. App. 630, 637, 350 P.3d 671 (2015). Furthermore, "discretion is necessarily abused when it is manifestly unreasonable or based on untenable grounds or reasons. . . . Stated differently, the court's exercise of discretion is unreasonable when it is premised on a legal error." Ramirez, 191 Wn.2d at 741.

DOC Supervision Fees

Brasfield argues that the trial court abused its discretion by imposing DOC supervision fees. Because the court's decision was based on legal errors, we agree.

First, the court erred in concluding that the supervision fees are not discretionary. RCW 9.94A.703(2)(d) unambiguously lists these fees as a waivable condition, requiring defendants under community custody to "[p]ay supervision fees as determined by" DOC, "*[u]nless waived by the court.*" (Emphasis added.) Because the court may waive them, the supervision fees are discretionary, and the trial court erred by concluding otherwise. See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 ("Since the supervision fees are waivable by the trial court they are discretionary LFOs."), review denied, 195

Wn.2d 1022 (2020).

The trial court interpreted RCW 9.94A.780 as placing the imposition of supervision fees solely in DOC's discretion.[1] This section provides that when supervision is ordered, "the offender *shall* pay to [DOC] the supervision intake fee" and states that DOC "may exempt or defer a person from the payment of . . . the intake fee." RCW 9.94A.780(1) (emphasis added). Taken in isolation, this section could suggest to the court that it must impose supervision fees and only DOC could waive them. However, this interpretation would render the portion of RCW 9.94A.703 that permits the court to waive supervision fees meaningless. A more appropriate interpretation is that these sections together give both the court and DOC the authority to waive these fees. See Rivard v. State, 168 Wn.2d 775, 783, 231 P.3d 186 (2010) (courts should "interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous"). This interpretation is in line with case law, which has consistently considered the imposition of supervision fees to be within the court's discretion. E.g., Dillon, 12 Wn. App. 2d at 152; State v. Lundstrom, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), review denied, 193 Wn.2d 1007 (2019). The trial court's conclusion that supervision fees are not discretionary was therefore erroneous. Accordingly, the trial court abused its discretion to the extent it declined to waive these fees on the basis of its erroneous legal conclusion.

---

[1] Brasfield's briefing addresses a different interpretation of the trial court's reasoning. He believes the trial court was confused due to section 703's distinction between waivable and discretionary conditions. However, the court specifically noted that its confusion was due to the mandatory language in section 780. Accordingly, we need not address Brasfield's contention.

However, the trial court also declined to exercise its discretion on the basis that even if it did have discretion, "the pertinent statutes—RCW 9.94A.703, .704, .760 and .780—express a legislative preference for DOC to make this determination." The court further reasoned during the hearing that "given that this would be a significant precedence that would apply to most or nearly all of the people that we send to DOC, I'm simply not persuaded that the legislature intended for the Court to have that discretion." We therefore must review the trial court's alternative interpretation of the statute.

Contrary to the court's assertion, RCW 9.94A.703, .704, .706, and .780 do not indicate a preference for this choice to be left to DOC. As discussed above, RCW 9.94A.703 gives the court discretion to waive supervision fees, while RCW 9.94A.780 gives DOC discretion to waive these fees. Neither section expresses an opinion regarding which entity is better situated to exercise this discretion. The third section cited by the court, RCW 9.94A.704, only mentions supervision fees when it provides that "[i]f the offender is supervised by [DOC], [DOC] shall at a minimum instruct the offender to: . . . [p]ay the supervision fee assessment." RCW 9.94A.704(3)(d). If the fee assessed by either the court or DOC is $0, this section mandates nothing further from DOC. The section does not express a preference against the court's discretion and indeed declares that DOC "may not impose conditions that are contrary to those ordered by the court." RCW 9.94A.704(6). Finally, RCW 9.94A.760 discusses billing and payment of LFOs generally, and only discusses supervision fees to the extent that it directs these should be paid to DOC as opposed to the county clerk. In short, these

sections do not express a preference one way or another. To the extent the trial court based its decision on its erroneous perception of a statutory preference, it abused its discretion.

Finally, to the extent the court based its decision on its judgment that the legislature would not intend to give the court discretion because "this would be a significant precedence that would apply to most or nearly all of the people that we send to DOC," it abused its discretion. "When the legislature has expressed its intent in the plain language of a statute, we cannot substitute our judgment for the legislature's judgment." Protect the Peninsula's Future v. Growth Mgmt. Hearings Bd., 185 Wn. App. 959, 972, 344 P.3d 705 (2015). As discussed above, the plain language of the statute gives the court discretion to waive supervision fees and does not express a preference for DOC to waive these fees instead. Because the statute makes the fees waivable, the court abused its discretion by relying on policy considerations to conclude otherwise. See Protect the Peninsula's Future, 185 Wn. App. at 972 ("Interpretation of an unambiguous statute must focus on the plain statutory language, not what seems most reasonable or 'makes sense' from a policy perspective.").

Finally, Brasfield urges that the trial court should be precluded from imposing supervision fees on remand, citing RCW 10.01.160, which provides that "[t]he court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent." The State argues that this section does not apply to supervision fees. However, we need not reach this issue because even if the section does not apply, ordering an indigent defendant to pay discretionary LFOs

6

is not a reasonable exercise of discretion. As our Supreme Court has observed, LFOs pose serious barriers to indigent defendants' reentry, impacting their finances and credit ratings as well as access to housing and employment. State v. Blazina, 182 Wn.2d 827, 837, 344 P.3d 680 (2015). These problems are not limited to the "costs" described in RCW 10.01.160 which were at issue in Blazina. 182 Wn.2d at 835-37. There is no justification in the record for imposing these significant burdens on an indigent defendant. Accordingly, we direct the trial court to strike the supervision fees on remand.

Collection Costs

Brasfield asserts for the first time on appeal that the trial court erred in imposing collection costs. We agree.

As an initial matter, the State contends that we should not review this issue because it was not raised at the trial court. RAP 2.5(a) provides that we are not required to review an issue raised for the first time on appeal. However, because of the problems LFOs pose to indigent defendants, we "regularly exercise [our] discretion to reach the merits of unpreserved LFO arguments." State v. Glover, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018). Therefore, we review Brasfield's contention.[2]

---

[2] The State also argues that the claim is speculative because the State has not yet sought to enforce payment, and so we should decline to consider it. The Supreme Court rejected a similar argument in Blazina, and we do as well. 182 Wn.2d at 832 n.1 ("'Three requirements compose a claim fit for judicial determination: if the issues are primarily legal, do not require further factual development, and the challenged action is final.' A challenge to the trial court's entry of an LFO order under RCW 10.01.160(3) satisfies all three conditions." (citation and internal quotation marks omitted) (quoting State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008))).

When a trial court intends to waive discretionary LFOs and inadvertently imposes one, we routinely remand to strike the financial obligation. E.g., Dillon, 12 Wn. App. 2d at 152-53 (supervision fees and nonrestitution interest); Lundstrom, 6 Wn. App. 2d at 396 n.3 (supervision fees); State v. Okler, No. 78750-1-I (Wash. Ct. App. Mar. 9, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/787501.pdf (interest accrual and supervision fees); but see State v. Cobb, No. 79538-4-I (Wash. Ct. App. Feb. 18, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/795384.pdf (striking interest accrual and supervision fees as inadvertently ordered but analyzing collection costs separately). Collection costs are discretionary. RCW 36.18.190 (court "may" assess costs paid to collection agencies). Here, based on the trial court's statement that it had "deleted discretionary financial obligations," it is fair to assume the court did not intend to impose collection costs, and we remand to strike this condition.

The State argues that imposing collection costs on an indigent defendant is not prohibited by RCW 10.01.160. However, we again need not reach this argument. Whether the court intended to impose these costs or not, there is no justification offered here for placing the significant burden of discretionary LFOs on Brasfield. We therefore direct the court to strike collection costs on remand.

### Nonrestitution Interest

Finally, Brasfield contends for the first time on appeal that the trial court erred in imposing interest on nonrestitution LFOs. We exercise our discretion to reach this issue, and we agree.

8

RCW 10.82.090(1) now requires that "no interest shall accrue on nonrestitution interest." However, the trial court imposed interest on *all* financial obligations imposed in the judgment. This is not permitted under the revised statute, and the remedy is to remand with instructions to strike the nonrestitution interest. Dillon, 12 Wn. App. 2d at 153. The State concedes that this is appropriate.

We remand with directions to strike the supervision fees, collection costs, and nonrestitution interest.

WE CONCUR: