IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>          v.<br><br>MICHAEL SEAN THOMPSON,<br><br>                    Appellant. | No. 80744-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Michael Thompson was sentenced to eight months in electronic home detention (EHD) but failed to connect his monitoring equipment or contact his caseworker as required. Thompson was charged with first degree escape in June 2014 and was subsequently convicted. On appeal, he contends that the State charged him under a general statute when it should have charged him under a special statute prohibiting violations of an electronic monitoring program. Specifically, he contends the State was required to charge him under RCW 9A.76.130, which defines third degree escape to include knowing violations of the terms of an electronic monitoring program. Because this provision did not yet exist at the time of his escape, we disagree and affirm.

FACTS

After his felony conviction for taking a motor vehicle without permission in the second degree, Thompson was sentenced to serve eight months in King County EHD. On May 19, 2014, Thompson reported to the King County Correctional Facility to begin serving his sentence. After meeting with a

Citations and pin cites are based on the Westlaw online version of the cited material.

community corrections caseworker, Thompson was fitted for the EHD ankle bracelet and was sent home to connect his EHD equipment, which needed to be plugged into a telephone line. However, when he returned home and called the caseworker, they discovered that the EHD equipment did not work with his landline. The caseworker informed him he could try to connect it at a different location, so Thompson made arrangements to stay with his wife in Seattle. Thompson was informed he needed to have the equipment installed at his wife's home and call the caseworker back by 5 p.m. He did not do so, and when the caseworker still had not heard from him the next day, she initiated escape procedures.

A warrant was issued, and Thompson was arrested on May 23, 2014. On June 24, 2014, he was charged with first degree escape. A jury found Thompson guilty as charged in 2018, and he appeals.

ANALYSIS

On appeal, Thompson contends that the State was required to charge him under RCW 9A.76.130(1)(b), which states that a person is guilty of third degree escape if they "[k]nowingly violate[ ] the terms of an electronic monitoring program." He contends that this is a special statute that punishes the same conduct as the general statute defining first degree escape and that therefore his conviction must be reversed. We disagree.

"[I]t is the law in effect at the time a criminal offense is actually committed that controls disposition of the case." State v. Schmidt, 143 Wn.2d 658, 673-74, 23 P.3d 462 (2001); see also Rivard v. State, 168 Wn.2d 775, 781, 231 P.3d 186

(2010) (classification of defendant's conviction as a class A felony or class B felony "is determined by the statute in effect at the time of his offense"). Here, the language under which Thompson claims he should have been charged was not added to the statute until 2015. LAWS OF 2015, ch. 287, § 11 (effective July 24, 2015). At the time of Thompson's escape, RCW 9A.76.130 read: "(1) A person is guilty of escape in the third degree if he or she escapes from custody. (2) Escape in the third degree is a gross misdemeanor." Former RCW 9A.76.130 (2011). Because the language on which Thompson relies did not exist until after the events at issue here, his argument fails.[1]

Furthermore, Thompson's argument fails because the statutes here are not concurrent. The general/special rule of construction provides that "'where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" State v. Shriner, 101 Wn.2d 576, 580, 681 P.2d 237 (1984) (quoting State v. Cann, 92 Wn.2d 193, 197, 595 P.2d 912 (1979)). This rule only applies where the statutes are concurrent, which means that "the general statute will be violated in each instance where the special statute has been violated." Id.

Here, Thompson was charged under RCW 9A.76.110, which defines first degree escape as "knowingly escap[ing] from custody or a detention facility while

---

[1] The State contends that charging Thompson under the amended third degree escape statute would violate the ex post facto clauses of the United States and Washington constitutions. We note that the prohibition on ex post facto laws functions to protect defendants and is therefore limited to cases in which the new law "'disadvantages the person affected by it.'" Schmidt, 143 Wn.2d at 673 (quoting State v. Ward, 123 Wn.2d 488, 498, 869 P.2d 1062 (1994)). This is not such a case.

being detained pursuant to a conviction of a felony or an equivalent juvenile offense." He claims he should have been charged under RCW 9A.76.130(1)(b), which states that a person is guilty of third degree escape if they "[k]nowingly violate[ ] the terms of an electronic monitoring program." However, it is possible to violate the special statute without committing first degree escape, because someone can violate the terms of an electronic monitoring program while detained pursuant to a nonfelony conviction or in a way that does not amount to escape. See, e.g., former RCW 9.94A.734 (2010) (describing offenses for which defendants may be sentenced to home detention). Accordingly, the statutes are not concurrent, and the general/special rule does not apply.

Because the statute was amended after the events at issue here and because the general/special rule does not apply, we affirm.

_____

WE CONCUR:

_____          _____